### MALONE SPALDING V. THE STATE.

No. 19920. Delivered March 8, 1939.
Rehearing Denied May 3, 1939.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) June 14, 1939.

The opinion states the case.

*Thomas B. Ridgell,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for robbery with firearms, punishment being fifty-five years in the penitentiary.

The record is here without statement of facts or bills of exception. An affirmance of the judgment must follow unless appellant has brought himself under some exception which will prevent operation of the general rule as to records in the condition mentioned.

The indictment was returned into court on February 7, 1938. Appellant was tried on March 3d. Amended motion for new trial was filed on March 18th and was overruled on April 1st, and sentence pronounced against appellant on the same day, and notice of appeal given. There was no extension order for time to file bills of exception and the ninety days for filing statement of facts expired on June 30th.

It is suggested in the brief of the attorney now representing appellant that the statute (Arts. 491-494, C. C. P.) requiring arraignment of an accused charged with a capital case was not complied with. The record contains no affirmative showing that appellant was arraigned but Art. 847 C. C. P. provides in part that this court "shall presume * * * that the jury was properly impaneled and sworn: that the defendant was arraigned * * * unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by *a bill of exception* approved by the judge of the court below, or proven up by by-standers, as provided by law, and duly incorporated in the transcript." No such bill is found in the present transcript. The statute therefore disposes of the suggestion as to want of arraignment.

It is further suggested in said brief that counsel appointed to represent appellant was not given the "one day to prepare for trial" as provided in Art. 494 C. C. P. It does not appear from any bill of exception that counsel so appointed requested the delay of one day to prepare for trial. It has been held that

the provision of the Code of Criminal Procedure mentioned is not mandatory. Brotherton v. State, 30 Texas Cr. R. 369, 17 S. W. 932; Bradley v. State, 96 Texas Cr. R. 81, 256 S. W. 292. It is provided by Art. 11, C. C. P. that a defendant may waive any right secured him by law save a trial by jury when he enters a plea of not guilty. McKee v. State, 118 Texas Cr. R. 479, 42 S. W. (2d) 77.

It is also suggested in appellant's brief that he was not furnished a special venire, and an attempt is made to preserve the point by affidavits of appellant and the attorney who was appointed by the court to the effect that a special venire was not waived. The question can not be raised by affidavit made long after the trial. It appears that the jury was selected from the regular panel and if any objection was urged thereto at the time of trial it is not shown by any bill of exception complaining of such procedure. If appellant "raises no objection, and no special venire has been summoned, and the regular jury for the week is called into the box and he proceeds to the selection of jurors from this panel, he may be regarded as having waived his right to a special venire." Farrar v. State, 44 Texas Cr. R. 236, 70 S. W. 209; Hatton v. State, 109 Texas Cr. R. 121, 3 S. W. (2d) 87; Art. 11, C. C. P.

Counsel now representing appellant urges that this judgment of conviction should be reversed on the ground that appellant has been denied a statement of facts. As stated heretofore, the ninety days for filing statement of facts expired on the 30th day of June. In an effort to show a denial of a statement of facts certain affidavits were placed in the record bearing upon that point. The attorney who was appointed by the court to represent appellant on the trial says in his affidavit. "I filed a motion for new trial and told him (appellant) and the officials that defendant wanted to appeal but that I would not represent him on the appeal unless I was paid something, and told him (appellant) he would have to get up some money for a brief. * * * I have not seen Spaulding since the date of the trial and have had nothing to do with the case." It will be observed that the attorney does not claim to have notified the trial judge that said attorney would not further represent appellant; he says he told the "officials," but specifies no one. The affidavit mentioned was not made until November 21st, 1938, which was 144 days (nearly five months) after the expiration of the ninety days for filing the statement of facts. The trial judge says appellant was sentenced on April 1st and gave notice of appeal and from that date he had heard nothing from appellant or his counsel indicating that he expected

to perfect the appeal by requesting a question and answer transcript of the testimony or a narrative statement of facts until July 1st, when appellant's present attorney informed the judge that he wanted a statement of facts and that appellant had filed a pauper's affidavit to secure same. The affidavit mentioned was not made by appellant until June 30th, the very day the ninety days for filing of statement of facts expired, and it was not until July 2d that the trial judge found two bills of exception on his desk complaining because the judge had declined to order the court reporter to prepare a statement of facts. The judge refused to sign the bills, but did on said July 2d order the court reporter to prepare and deliver to appellant or his attorney a question and answer transcript of the testimony and a narrative statement of facts. No statement of facts is found in the record and the only reference thereto is found in the affidavit of appellant's present attorney made on November 21st in which he states that he does not know why the court reporter never prepared the statement of facts as directed by the trial judge. We find no affidavit from the said reporter as to whether he made the statement of facts, or if not, whether it was because the ninety days had expired before the order was made.

If the statement of facts was in the record we would still be called upon to determine whether it should be considered because it could not possibly have been prepared and filed until long after the ninety days had expired.

It is much to be regretted that questions such as are here presented should arise to trouble this court. For us to now hold that appellant's case should be reversed because of the absence of a statement of facts under the circumstances here presented would put a premium on delay by reason of the negligence of one convicted of crime who sits idly by until the time for perfecting his appeal expires, or until the spirit moves some of his friends to belatedly employ counsel who is compelled to raise questions here presented.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, reurges the same grounds for a reversal of this cause as he did on original submission. There is no statement of facts or bills of exceptions

in the record. Appellant, however, seeks to make a record by ex parte affidavits.

If this court, without authority of law, should permit a record to be made by affidavits, we would find ourselves in an endless state of confusion. Our Code of Criminal Procedure prescribes rules governing the preparation of appeals to this Court and these rules are to be observed and respected in the presentation of the record in this Court.

Appellant undertakes by ex parte affidavits, to show that he was not arraigned in the trial court. Art. 847, C. C. P., specifically provides, among other things, that this court shall presume that the defendant was arraigned, unless such matter was made an issue in the court below. See also Webb v. State, 55 S. W., 493; Pruitt v. State, 102 S. W. (2d), 417. The record fails to show that any issue was made in the trial court with reference thereto.

He also insists that the trial court committed reversible error in failing to appoint another attorney when the attorney who had been appointed to represent him and did represent him in the trial of the case, withdrew and declined to proceed after he had prepared a motion for a new·trial. Our interpretation of Art. 494, C. C. P. leads us to a different conclusion.

The court, in capital cases, is required to appoint an attorney to represent the defendant upon the trial of his case in order to secure to him a full and fair trial, but such attorney· would not be required to prosecute an appeal to this Court. Nor would the trial court, in case the appointed counsel declined to render gratuitous services beyond that required in the court below, be required to appoint another attorney to prosecute the appeal of the case to this Court, unless it be shown to the satisfaction of this Court that the evidence is insufficient to establish his guilt, or that he had a meritorious defense which was ignored by the court in his instruction to the jury, or that incompetent and prejudicial evidence was admitted over his objection.

In the absence of such a showing, the presumption obtains that appellant had a fair trial and nothing could be gained by an appeal to this Court.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.