HENRY SAVAGE V. STATE.

No. 24917. November 22, 1950.
Rehearing Denied March 28, 1951.

*Burns and Burns,* by *Gordon M. Burns,* Huntsville, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of rape and assessed the death penalty.

The offense is alleged to have occurred in the City of Hearne, Robertson County. After indictment in Robertson County he asked for change of venue, which was granted and the case transferred to Grimes County, from which the appeal comes.

We find no bills of exception in the record and the evidence, which includes a voluntary statement signed by appellant, is sufficient to support the jury's verdict. No attack of any kind is made on this statement. Appellant called some witnesses in his behalf, none of whom gave any evidence to indicate a defense, and he did not testify in the case.

Since the submission of this case a motion has been presented to the court, by an attorney other than those who represented appellant on his trial, to have filed three documents

denominated bills of exception. We are unable to file these bills because they were not presented to and approved by the trial court, neither were they agreed to by the attorney representing the state. Furthermore, we are unable to verify them by the record which came regularly on the appeal. Even if they had come up as bills of exception, we would have been unable to sustain them in the state of the record.

The only question we find in the record arises by reason of a motion to quash the indictment based on the allegation that he was discriminated against in the selection of the jury commission which drew the names for the grand jury returning the indictment against him. No proof was offered to support this allegation and there is nothing of which we may take judicial knowledge. The record is entirely silent as to the race of the jury commission and of the grand jury which they selected. There is nothing for us to pass on and the judgment of the trial court is, accordingly, affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Notice of appeal was given in this case on April 17, 1950. The statement of facts shows to have been approved by the trial judge on May 15, 1950. Notwithstanding such fact, the statement of facts was not filed in the trial court until August 21, 1950, and long after the expiration of the 90 days allowed by statute (Art. 760, C. C. P.) for the filing of statement of facts in the trial court.

It is by reason of the penalty here inflicted that we considered the statement of facts, regardless of the delayed filing. We did not, however, consider the so-called bills of exception, which are presented by counsel now representing appellant and employed in the case since the appeal of the case.

By motion for rehearing, appellant insists that the absence of bills of exception presenting the errors claimed to have occurred upon the trial of the case is attributed solely and alone, to the failure of his court-appointed counsel to properly represent him upon and in furtherance of the appeal of this case.

As we understand appellant's postion, it is that inasmuch as the trial court recognized the necessity of appointing counsel to represent him upon the trial of the case, it became the duty of such counsel not only to represent him upon the trial but

also to prepare and submit for approval, within the time and in the manner prescribed by law, bills of exception as to errors claimed to have been committed upon the trial.

In Spalding v. State, 137 Tex. Cr. R. 329, 127 S. W. 2d 457, we held that an attorney appointed to represent an accused in the trial of a capital case, as required by Art. 494, C. C. P., is not required to prosecute an appeal.

It is also insisted that the failure of counsel to prosecute the appeal in the case constituted a denial of due process under our State and Federal Constitutions.

We are not unmindful of the expressions of the Supreme Court of the United States holding that, under certain circumstances, trial without counsel constitutes a denial of due process. A list of the cases upon the subject are set forth in a footnote to the case of Quicksell v. Michigan, 94 L. Ed. 1188, 339 U. S. 660, 70 S. Ct. 910.

We are unable to agree with appellant's contention.

The right of appeal in a criminal case is not a right conferred by the Constitution, but is a creature of statute. 4 Tex. Jur., Appeal and Error—Criminal Cases, Sec. 3, p. 17. The right of appeal being the subject only of statute, the constitutional guarantee of trial by jury ends with the decision of the trial court.

Appellant, having been represented by counsel upon the trial of the case, was accorded his right of trial by jury, as guaranteed by the Constitution.

There being no facts evidencing racial discrimination in the organization of the grand jury which returned the indictment against appellant, that question is not before us.

The motion for rehearing is overruled.

Opinion approved by the court.