Ex Parte John J. Breen

No. 34,359.   January 24, 1962

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

Relator, an inmate of the penitentiary, seeks his discharge by writ of habeas corpus, alleging that his conviction is void because the jury fixed his punishment at life imprisonment under Article 63, V.A.P.C., after finding him guilty of the primary offense of robbery and finding that he had been convicted of two other felonies less than capital as charged in the indictment.

Relator contends that only the trial judge has the power to assess the punishment under the enhancement statutes.   This contention is overruled.   In 16 Texas Jurisprudence 2d 645, Section 413, we find the following statement of the law:

"Under those statutes that govern felony punishment enhancement, that leave no discretion to the jury on the matter of punishment, it is proper to instruct the jury to assess punishment at that so fixed in case they find the defendant guilty." Cooper v. State, 106 Tex. Cr. Rep. 118, 290 S.W. 537. Petitioner also contends that Article 63, V.A.P.C., is uncon-

stitutional in that it is not uniformly applied and administered throughout the state. We answered this contention in Ex parte Boman, 160 Tex. Cr. Rep. 148, 268 S.W. 2d 186, as follows:

"The fact that a law may not be invoked against others could not in anywise affect its constitutionality because invoked against relator. As written, it is capable of uniform enforcement."

The application for writ of habeas corpus is denied.