Paula EVANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 39179.

Court of Criminal Appeals of Texas.

March 2, 1966.

Rehearing Denied April 27, 1966.

Brown, Shuman & Harding, by Clifford W. Brown, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett and Carson Smith, Asst. County Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful possession of a barbiturate drug; the punishment assessed by the jury, one year in jail and a fine of $500.

The evidence reflected by the statement of facts is summarized in the brief of appellant as follows:

"Upon the trial of the case the arresting officer, Bill Bessent, who was shown to be a member of the detective force of the Lubbock Police Department, testified relative to following the Defendant and her sister and stopping them on the 30th day of January, 1965. He testified that when he stopped the appellant and her sister * * * he proceeded to the left hand door of the car where the appellant was seated under the steering wheel. He testified that she was strangling and coughing and as she got out of the car she brought her hand down to the side of the car an kinda wiped it on the side of the seat and that he picked up what he believed to be two 'red birds'. He said that the same were wet and had

been partially chewed or broken up. He arrested the Defendant and charged her with possession of a barbiturate drug.

"Eldon Straughan, a witness for the State, shown to be a chemist for the Department of Public Safety, testified that upon analysis of the capsules * * * they were found to contain a barbituric acid derivative.

"The appellant herself took the stand in her own defense and denied the possession of any barbiturates at the time of her arrest and denied that there were any pills in the car or that she knew that there were any pills in said car."

Appellant's first proposition is that the court erred in permitting the state to introduce into evidence testimony relative to a conviction of vagrancy by prostitution in Cause No. A–176778, in the Corporation Court of the City of Lubbock, of one Paula Marie Evans, "when the evidence was insufficient to show that Paula Marie Evans there allegedly convicted and the Paula Evans on trial was one and the same person, and when the evidence was insufficient to show a valid conviction in said cause."

Upon her cross-examination appellant denied that she was previously convicted for prostitution. In rebuttal Police Detective Fedder identified appellant as the person he arrested for prostitution on February 10, 1965, and identified the complaint in Cause No. A–176778 as the complaint filed against her.

Appellant admitted that Detective Fedder did arrest her and file the complaint, and it was introduced in evidence.

Certified copy of the judgment, upon a plea of guilty, in said cause was identified and introduced in evidence and the Clerk of the Corporation Court testified that the records showed that the defendant in said cause did not appear in person but did appear by an attorney who pled guilty for the defendant.

Appellant points out that the evidence shows without dispute that there was no showing of any written authority for the attorney or any one else to plead the defendant guilty in said cause and the records of the court did not reflect permission for the attorney to enter such plea.

Art. 581 Vernon's Ann. C.C.P., in effect at the time of the trial, provided that in misdemeanor cases such as may be tried in corporation court the defendant may appear by counsel and the trial may proceed without his personal presence.

It is apparent that the entry of a plea by counsel for the defendant is authorized under the statute.

We do not agree with the appellant's contention that the state was bound to prove that the attorney who entered the plea of guilty was authorized by his client to do so. Nor do we agree that a witness sought to be impeached by a previous conviction for vagrancy by prostitution may prevent such proof by testifying that her attorney had no authority to enter a plea for her. Such would in effect allow a collateral attack upon a judgment of conviction otherwise valid.

The separate question of whether appellant was identified as the person convicted in the Corporation Court of Lubbock County is fully answered by the testimony of the arresting officer identifying appellant as the person arrested and the complaint that he made against her which was filed in Corporation Court in the case in which the judgment of conviction was rendered.

Appellant's second proposition is that "the Court erred in failing and refusing to give the jury a proper charge limiting the testimony relative to the defendant being under the influence of a drug at the time of her arrest to the purpose for which the same was admitted, if any."

Cases cited by appellant dealing with evidence as to extraneous offenses are not deemed applicable.

The complained of evidence was admissible under the so called res gestae rule. Nichols v. State, Tex.Cr.App., 386 S.W.2d 795; Converse v. State, Tex.Cr.App., 386 S.W.2d 283; Guajardo v. State, Tex.Cr.App., 378 S.W.2d 853; Sikes v. State, 169 Tex.Cr.R. 443, 334 S.W.2d 440. No limiting charge is required under such facts. Johnson v. State, Tex.Cr.App., 379 S.W.2d 914.

The judgment is affirmed.