**Otis LOPER, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24408.**

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1967.

Otis Loper, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Rober E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant, a Texas convict, was convicted of rape on November 20, 1947, and was sentenced to serve 50 years in the Texas penitentiary. Appellant brought a petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas alleging, inter alia, that he was denied the right to appeal his conviction because his court-appointed counsel abandoned his case. The district court denied the petition without an evidentiary hearing. We reverse and remand the case to the district court for a hearing on appellant's allegation that he was denied the right to appeal and that he was an indigent during the time allowed by Texas for the perfecting of an appeal.

The abandonment by a court-appointed attorney of an indigent defendant's appeal may well deprive a convicted defendant of his constitutional rights. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); United States ex rel. Maselli v. Reincke, 383 F.2d 129 (2 Cir. 1967), 36 U.S.L.W. 2144; Wainwright v. Simpson, 360 F.2d 307 (5 Cir. 1966); Edge v. Wainwright, 347 F. 2d 190 (5 Cir. 1965); Pate v. Holman, 341 F.2d 764 (5 Cir. 1965). Appellant's petition indicates that he was indigent

at the time of his conviction. Such petition also indicates that he desired to appeal his case but that he was denied this right because his court-appointed counsel abandoned the case. Although the trial court was unquestionably justified in concluding that the pro se petition in this case was inartfully drafted, we do not believe it was unintelligible. From an examination of the petition we conclude that factual issues were raised with respect to the denial of the right to appeal from the conviction of rape. In our view a plenary hearing is necessary to ascertain the facts.

We therefore remand the case to the district court for a hearing to determine the facts surrounding appellant's attempt to appeal his conviction and whether such facts amounted to a deprivation of his constitutional rights under the above cited cases.