**Debs CRAWFORD, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24395.**

United States Court of Appeals Fifth Circuit.

Nov. 13, 1967.

Robert J. Adam, Houston, Tex., for appellant.

Allo B. Crow, Jr., Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. (Bob) Lattimore, Howard M. Fender, Asst. Attys. Gen., for appellee Dr. George J. Beto.

Before BROWN, Chief Judge, and THORNBERRY and GOLDBERG, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This appeal from denial of a petition for habeas corpus presents two related issues. First, was petitioner Crawford denied due process of law because the deputy sheriff who testified against him at his state trial was also the custodian of the jury that convicted him under Turner v. State of Louisiana, 1966, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424? Second, if so, is that case to be applied retroactively? Because we reach the merits of petitioner's appeal and find them wanting, we may assume without deciding that *Turner* is retroactive. In

this framework we hold that Turner v. State of Louisiana does not require the granting of the writ.

The facts of the case may be briefly stated. Petitioner was convicted in the Texas courts for felony theft. Because of two prior felony convictions, petitioner was sentenced to life imprisonment as a habitual offender. See Vernon's Ann. Tex.Pen.Code Ann. Art. 63 (1952). Cf. Spencer v. State of Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

Crawford exhausted his state remedies and then petitioned the federal district court for a writ of habeas corpus. At a full hearing, see Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770, the evidence showed that petitioner's chief defense at trial was alibi. Thus the most damaging testimony against him was that of his accomplice Moncrief who swore that petitioner took part in the theft and the testimony of others who saw petitioner with the stolen goods. In contrast to the important testimony of these witnesses, the deputy sheriff, who in Texas has the responsibility of tending to the jury during the trial, gave evidence about the locale of the theft, his assistance in measuring some tiretracks and tiretreads, the time he picked up petitioner in the Dallas County Jail, and the extradition of petitioner to Texas after a jail break.

■ Petitioner contends that these facts require this Court to order his release because the contact of the deputy sheriff with the jury coupled with the deputy's testimony at trial denied petitioner his Constitutional right to a trial by an impartial jury as guaranteed by the Sixth and Fourteenth Amendments. See Turner v. State of Louisiana, supra; McAllister v. Allgood, 249 F.Supp. 408 (E.D.La.1966). In Turner the Supreme Court reversed a conviction obtained after a trial in which the deputy sheriffs who had custody of the jury had also investigated the crime, extracted a confession from the accused, and corroborated that confession at trial. The basic teaching of that decision is that when the custodian of the jury who has had continu-

ous and intimate contact with the jury testifies about matters which are more than merely uncontroverted or formal aspects of the case and the credibility of the officer is a factor, then the accused has been denied due process.

■ Although the deputy sheriff's connection with the jury here probably satisfies *Turner's* contact test that is hardly enough. For on the elements of the nature of the testimony offered and its operative effect, we feel that the crucial facts of this case are more in point with and are thus controlled by the rationale of our recent decision in Bowles v. State of Texas, 5 Cir., 1966, 366 F.2d 734. There this Court refused to hold that contact between the sheriff and the jury produces a *per se* violation of an accused's Constitutional rights. The facts of each case must be examined to determine what impact the officer's testimony may have had on the jury.

■ In the present case the deputy sheriff's testimony was directed neither to proving any of the substantive facts of the crime nor to bolstering or derogating the petitioner's defense of alibi. Rather, his testimony was directed to the surrounding circumstances of the crime and occurrences after arrest. Also, everything to which the deputy testified that might be classified as more than formal testimony was either corroborated by other witnesses or was uncontradicted. Thus even assuming that the jury gave complete credence to the deputy's testimony, no harm appears that could possibly affect the validity of petitioner's conviction. The evil that *Bowles* and *Turner* seek to prevent is the jury's basing its decision on influences and opinions other than those produced in court. That evil is not present in this case from anything the deputy did or said or testified to. If—and the if is not of Constitutional proportions—some testimony was inadmissible, its harm, if any, came from an error of the trial Judge of a type not reachable by Habeas. It came not from the coincidence of the deputy sheriff as custodian and witness.

Affirmed.