**Ex parte John J. BREEN**

**No. 40884.**

Court of Criminal Appeals of Texas.

Nov. 22, 1967.

Grady Hight, Arlington, for relator.

Frank Coffey, Dist. Atty., Truman Power, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The petition for writ of habeas corpus was filed October 27, 1967, and set for submission.

The facts set out in support of the allegation that he is unlawfully restrained of his liberty by the Texas Department of Corrections and upon which he requests that, after hearing, this court order his release from his present confinement are:

"Petitioner is incarcerated as a result of a 1954 robbery conviction in the Criminal District Court of Tarrant County, Texas. Petitioner was an indigent defendant at the time and had made this fact known to the Court. After sentencing, petitioner gave notice of appeal to The Court of Criminal Appeals and did not waive the appointment of an attorney. No attorney was appointed for ·petitioner and no statement or facts was prepared for petitioner's appeal."

The petition has not been presented to the judge of the trial court and does not reflect a compliance with Art. 11.07 of the 1965 Code of Criminal Procedure as amended, which this court construed in Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

A petition was presented to this court prior to the enactment of Art. 11.07 Vernon's Ann.C.C.P. attacking the 1954 life sentence for robbery by assault under which petitioner is confined, upon similar grounds, which has been misplaced. Said petition resulted in a hearing before the present judge of the convicting court on August 30, 1967, at which petitioner was represented by court appointed counsel.

The facts ascertained by this court from prior petitions attacking the life sentence; court records; the evidence adduced at the hearing and the findings and conclusions of Judge Byron Matthews, who conducted the hearing, reflect the following:

Petitioner was convicted of felony theft in Tarrant County on September 19, 1939, and for forgery in Dallas County on May 8, 1948. He was indicted in Tarrant County on November 2, 1954, for the offense of robbery and the prior convictions for felony theft and for forgery were alleged for enhancement.

On November 16, 1954, petitioner's affidavit that he was without counsel and wholly destitute of means to provide counsel, and praying that counsel be appointed to represent him, was filed.

Although Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, had not been written and there was no Texas Statute requiring appointment of counsel for an indigent other than in capital cases at the time, the able District Judge Willis McGregor, now deceased, appointed Hon. Joe Shannon of the Fort Worth Bar to represent petitioner and the case was called for trial on December 1, 1954.

It is apparent that petitioner not only asserted in the trial court his constitutional

right to counsel, but also asserted his constitutional right to refuse counsel and to represent himself. He refused to permit his court appointed counsel Joe Shannon to conduct the case, ask the questions or make the oral argument before the jury. Mr. Shannon obtained process for his witnesses and was allowed to remain at his side in the courtroom during the trial of the case on its merits, but petitioner "told him what I wanted to challenge in this trial," and petitioner examined the witnesses and argued his case before the jury.

The jury having returned its verdict and judgment having been pronounced thereon, a motion for new trial was filed. Hon. John E. McLean, of the Fort Worth Bar, acted as counsel for petitioner at the time the motion for new trial was overruled and notice of appeal was given.

Petitioner testified at the hearing before Judge Matthews, in part, as follows:

"Q. In any event, Mr. Shannon was there with you during the entire course of that trial, was he not?

"A. During the trial. Yes.

"Q. He was there the date you were sentenced, was he not?

"A. I am not positive whether he was there or not. Personally I don't think he was at the sentencing.

"Q. Was Mr. McLean present at the time you were sentenced?

"A. Mr. McLean was there.

"Q. At that time you gave notice of appeal?

"A. Mr. McLean gave notice of appeal.

"Q. The attorney. How did Mr. McLean get into this lawsuit?

"A. To be honest, I don't know. I never spoke to him before the hearing, during the hearing or after the hearing.

"Q. As a matter of fact, hadn't your sister employed Mr. McLean to represent you at that time?

"A. That, I don't know.

.* * * * * *

"Q. And a written Motion for New Trial was filed?

"A. I have no way of knowing that; only the oral notice.

"Q. You were there when the Court overruled it and Mr. McLean gave notice of appeal at that time?

"A. Yes, sir.

"Q. At that time when Mr. McLean appeared into that lawsuit did you request or make any request of the Court that an attorney be appointed on the appeal?

"A. I don't recall. I am not sure."

Mr. McLean testified that he had no recollection of representing petitioner but his signature was on the motion for new trial and on the affidavit signed by Mrs. May Vaughn on December 30, 1954, that he (Breen) was of unsound mind. He further testified: "Q. Do you recall whether the court appointed or directed you to do any work on the appeal? A. No, sir, but in answer to that question I can say if I had been appointed, I would have perfected the appeal."

Judge Matthews, who conducted the hearing directed by this court, found "That at the time of the appeal from said conviction the record shows that John E. McLean was not appointed by the court but acted as counsel for the petitioner at the time the petitioner was present when his motion for new trial was overruled and notice of appeal was given * * *," and concluded that Mr. McLean "appeared at the request of someone other than petitioner or the court * * * and determined that the record did not contain sufficient error upon which to appeal."

Paul F. Burris, official court reporter since 1951 for the court in which petitioner was tried and the hearing was had, testified at the hearing that he certainly did recall reporting the trial in December 1954 and that he knew for a fact that no one requested a statement of facts on that trial. He further testified that it had always been his practice, when notice of appeal was given and a transcript was not ordered at the time, to contact the attorney or litigant either personally or by telephone to determine if he wanted a statement of facts, and that in this case he was not requested and did not prepare a statement of facts and it would be impossible to do so now.

 The fact that the notice of appeal was given by counsel for petitioner who was not court appointed disposes of any contention that he was denied any constitutional right by the failure of the trial court to appoint counsel to represent him on appeal. The failure of petitioner or his counsel to request that a statement of facts be prepared while the court reporter's notes were available forecloses a delayed consideration of the appeal and any valid claim as to the denial of appellant's rights to a record on appeal.

In the recent case of Evans v. State, 401 S.W.2d 602, we held that the state was not bound to prove that the attorney who entered a plea of guilty for the defendant in a misdemeanor case was authorized by his client to do so.

 Applying the same rule and reasoning, the burden was on petitioner and not the state to prove that Mr. McLean, who was not court appointed, who presented his motion for new trial and gave notice of appeal for him, was not authorized by petitioner to do so.

 Competent counsel was appointed by the court to represent petitioner at his trial and competent counsel who was not court appointed represented him in presenting his motion for new trial and gave notice of appeal for him. This counsel not being court appointed, any incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the state. Howard v. Beto, 375 F.2d 441 (5th Circuit); Breedlove v. Beto (U.S. District Court Southern District of Texas), 276 F.Supp. 635, decided August 30, 1967.

The Supreme Court held, in Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456, that a state may avoid the obligation of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, where, without fault of the state, no transcript can be made available, the indigent having had a lawyer at the trial and no remedy having been sought at the time, and that where transcripts are no longer available Illinois might rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal.

A much stronger case is made here than in Norvell v. State of Illinois, supra. Norvell's petition was denied though he and his counsel attempted to obtain a transcript and to appeal but were unable to do so because of the death of the court reporter, whereas neither petitioner nor his counsel requested that a statement of facts be prepared and the state did nothing to hinder.

Judge Taylor's opinion in Turman v. Beto, 271 F.Supp. 808, dated August 2, 1967 (U.S. District Court for Northern District of Texas) construing Norvell v. State of Illinois, supra, supports our conclusion that the state was not at fault in regard to the failure of petitioner or his counsel who gave notice of appeal to obtain a statement of facts.

There are other facts which sustain the conclusion that petitioner was not denied effective aid of counsel or a review of his claim of error on appeal.

The life sentence under attack is the same that was before this court in Ex parte Breen, 171 Tex.Cr.R. 669, 353 S.W.2d 233,

cert. denied, 375 U.S. 841, 84 S.Ct. 89, 11 L. Ed.2d 69; before the United States District Court for the Southern District of Texas in In re Breen's Petition, 237 F.Supp. 575; and before the 5th Circuit Court of Appeals in Breen v. Beto, 341 F.2d 96, in each of which petitioner presented his petition pro se, though his testimony at the hearing before Judge Matthews was to the effect that he petitioned each of said courts and the United States Supreme Court for an attorney (but not the trial court) and "a volunteer lawyer" took his case from the 5th Circuit to the Supreme Court where certiorari was denied, 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798.

The conviction for robbery was affirmed by this court in Breen v. State, 280 S.W.2d 752. The opinion reflects that there was no attorney on appeal and no statement of facts.

We set out in the Order of the Court of Criminal Appeals pursuant to which Judge Matthews conducted the hearing:

"From a document filed by petitioner in this Court in December 1966, and the opinion in In Re Breen's Petition, 237 Fed.Sup. 575, it is shown that petitioner stated that he was convicted and sentenced to life as an habitual offender, after entering a plea of not guilty and *asserting his right to defend himself*, the document filed in this Court stating as his reasons:

" 'Lawyers refuse to challenge the practice because it makes their work easier and because to do so would put the court in disrepute,' and 'Because Lawyers refuse to challenge the practice; I elected to try to defend myself at my trial also because I was without funds to hire a lawyer even if he would.' "

■ The significance of these facts is that they not only show that petitioner chose not to rely upon counsel, but that the matter about which he desired to complain was such that no statement of facts was necessary for appellate review.

It should be remembered that prior to the effective date of the 1965 Code of Criminal Procedure there was no requirement that the ground of error of which a defendant desired to complain on appeal be assigned or set forth in a brief.

It is significant to note, also, that the grounds which petitioner stated lawyers refused to assert were those he advanced in attacking his conviction by habeas corpus. These grounds have been considered and decided against petitioner in the cases above cited, by this court and the Federal Courts, without a hearing and without a statement of facts.

The petition for writ of habeas corpus is denied.

## DISSENTING OPINION

ONION, Judge.

Our brethren deny petitioner's application for habeas corpus. Judge Morrison and this writer have concluded that the recent decisions of the Supreme Court of the United States require that we vigorously dissent to such action.

The record reflects that the petitioner was convicted of the offense of Robbery and assessed a punishment of life imprisonment as a habitual criminal in the Criminal District Court of Tarrant County on December 31, 1954. This conviction was affirmed on appeal. 280 S.W.2d 752. The appellate record before this Court contained no statement of facts, bills of exception or appellate briefs. No attorney appeared of record.

On June 26, 1967, prior to the effective date of the 1967 amendment of Article 11.07, V.A.C.C.P. and the decision of this Court in Ex parte Young, 418 S.W.2d 824 (Sept. 14, 1967), this Court ordered the Honorable Byron Matthews, present Judge

of the Criminal District Court of Tarrant County, to conduct a hearing upon the petition for habeas corpus in which the petitioner alleged that at the time of his appeal he was indigent, not represented by appellate counsel and that he did not waive the same. In ordering the hearing, we specifically called the trial court's attention to Douglas and Meyes v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33; Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Entsminger v. State of Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501.

At such hearing, the petitioner was present and represented by appointed counsel, Hon. Grady Hight, and Judge Matthews has now transmitted the facts developed together with his findings of fact.

At the conclusion of the hearing, Judge Matthews found that the petitioner was indigent (the pauper's oath on file was not brought forward in the original appellate record); that he was represented by court appointed trial counsel, Hon. Joe Shannon, Sr., but desired to represent himself with appointed counsel remaining at his side during the trial.

It further appears from the record that another attorney, Hon. John E. McLean, who was not present during the trial, signed the motion for new trial (merely stating, "verdict contrary to the law and evidence."), with said court appointed counsel; that McLean and Shannon were both present at the hearing on motion for new trial, the sentencing, and when notice of appeal was given. Judge Matthews concluded that McLean's appearance was at the request of some undetermined person other than the petitioner or the court, though the memory of all was hazy on this issue.

Douglas and Meyes v. People of State of California, supra, established the right of an indigent appellant to counsel on his first appeal, and Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, holds that it is a violation of the Fourteenth Amendment to deprive a person because of his indigency of any rights of appeal afforded all other convicted defendants, including a free transcript or record.

While the record does not reflect that the indigent petitioner requested court appointed appellate counsel, neither does it reflect an affirmative waiver by him. Petitioner's actions at the trial indicating a desire to represent himself with appointed counsel at his side would not constitute a waiver of his right to counsel on appeal. See Chessman v. Teets, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253. Further, there is no indication that he evidenced any wish to represent himself on appeal.

In Swenson v. Bosler, supra, the United States Supreme Court said:

"It is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon a request.' Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70. When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel."

It appears from the record that at the time of the sentence, court appointed counsel considered an appeal in the case to be "a very frivolous thing." Attorney McLean also reached the same conclusion. It appears to have been the practice and custom in Tarrant County at the time for appointed counsel not to take the case beyond sentencing without further orders

of the court.[1] In all fairness to the appointed counsel and the trial judge then presiding, there was at the time no requirement that appointed counsel follow the case on appeal. Savage v. State, 155 Tex.Cr.R. 576, 237 S.W.2d 315; Spalding v. State, 137 Tex.Cr.R. 329, 127 S.W.2d 457.

Such practice, however, flies into the teeth of the recent holding in Anders v. State of California, supra, where the Supreme Court stated:

"Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

It should be re-emphasized that in the petitioner's appeal from his 1954 conviction, no statement of facts, bills of exception, or briefs were filed. It appears no effort was made by either attorney to obtain a statement of facts or to discuss the matter of appeal with petitioner. The petitioner was confined in jail and was transferred 2 or 3 days after sentence to the Dallas County Jail during the period prescribed by law in which to request a statement of facts.

"Such procedure automatically deprived him of a full record, briefs, and arguments on the bare election of his appointed counsel, without providing any notice to him or to the reviewing court that he had chosen not to file the complete record in the case."

Entsminger v. State of Iowa, supra.

This Court affirmed petitioner's life sentence after having seen only what the Supreme Court denominates as a "clerk's transcript" in Entsminger.[2] There is no showing on the original appeal or at the writ hearing that this is all that petitioner desired to have forwarded on appeal. And at such time it clearly was the general rule, that in absence of a statement of facts, only fundamental errors will be revised and every presumption will be in favor of the regularity of the conviction, the charge of the court, and of the sufficiency of the evidence. 1 Branch's Anno.P.C.2d Ed., Sec. 622, p. 598.

We simply cannot conclude from the record before us that petitioner should be denied an adequate and effective review of his conviction on his first appeal on the ground that some attorney in addition to his court appointed counsel appeared at the hearing on the motion for new trial and at the sentencing either as an amicus curiae or at the request of some undetermined person. This is particularly true under the circumstances here presented

---

1. The abandonment by a court appointed attorney of an indigent defendant's appeal may well deprive a convicted defendant of his constitutional rights. Swenson v. Bosler, supra; Loper v. Beto, 383 F.2d 400 (5 Cir., 1967); United States ex rel. Maselli v. Reincke, 383 F. 2d 129 (2 Cir., 1967); Wainwright v. Simpson, 360 F.2d 307 (5 Cir., 1966); Edge v. Wainwright, 347 F.2d 190 (5 Cir., 1965); Pate v. Holman, 341 F.2d 764 (5 Cir., 1965).

2. Compare present Article 40.09, Sec. 1, V.A.C.C.P. as to matters that the clerk must include in record on appeal, whether designated or not.

where neither attorney McLean or court appointed trial counsel or petitioner could recall the nature of McLean's connection with the case, and there is no showing that petitioner accepted him as his counsel. In fact it is petitioner's undisputed testimony that he never talked to McLean or his court appointed counsel before, during or after the hearing on motion for new trial.

The majority assumes that attorney McLean was *not* court appointed. Judge Matthews found that McLean appeared at the request of some undetermined person other than the petitioner or the court, but he did add that the memory of all was hazy on this issue. The record appears to us to be just as consistent with the fact that attorney McLean was court appointed as with the conclusion that he was not. Nevertheless, the majority seeks to equate McLean's status with that of employed counsel of appellant's own choice. The record does not support such equation. Regardless of McLean's status, we observe that court appointed counsel did not withdraw, or attempt to withdraw, and was still representing the indigent petitioner at the time of sentence and notice of appeal.

Further, we cannot agree that the result reached in Evans v. State, Tex.Cr.App., 401 S.W.2d 602, without citation of authority or reasoning, should be extended and applied in the case at bar. To do so would cast the burden upon this indigent petitioner and others like him to show, while still represented by court appointed counsel, that any other lawyer who injects himself into the case without request, is not counsel of his own choice. In Evans it was undisputed that the appellant had employed the attorney following her arrest for prostitution, and the only question involved was his authority thereafter to have entered a plea of guilty for her to such misdemeanor charge without her being present.

Still further we cannot agree that the fact that this indigent petitioner while confined in the Texas Department of Corrections filed his applications for writs of habeas corpus, pro se, in Federal Court constitutes an adequate substitute for his right to counsel on appeal or constitutes a waiver thereof. There can be no waiver of a right which can no longer be exercised. Crawford v. Beto, 385 F.2d 156 (5th Cir., October 9, 1967). Cf. Williams v. State of Alabama, 5th Cir., 1965, 341 F.2d 777.

Applying the relevant considerations which were decisive in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 and Pate v. Holman, 5th Cir., 341 F.2d 764, there can be little question but what Anders, Swenson and Entsminger are to be applied retroactively just as Gideon v. Wainwright, supra, Douglas and Meyes v. People of State of California, supra, and Griffin v. People of State of Illinois, supra, have been.

To recapitulate, it is undisputed that the petitioner (1) was indigent at the time of his appeal, (2) that he manifested his desire to appeal, (3) that his appeal was without benefit of counsel, statement of facts or appellate briefs. We cannot find anything in the record to constitute an intelligent waiver of an effective review of his conviction on appeal. Certainly the appearance "out of the blue" of an attorney not requested by the petitioner, who does not discuss the case with him, is of the opinion that an appeal would be frivolous and who takes no further action after notice of appeal is given cannot constitute a waiver by the appellant.

The case at bar represents a much stronger case than Crawford v. Beto, supra. Crawford, a state prisoner, based his petition for habeas corpus on the fact that he sought to appeal his state court conviction but was without the aid of counsel. He was represented by retained counsel at his trial and through a motion for new

trial. He requested the trial judge to appoint appellate counsel but his request was denied. Crawford appealed his own case, preparing the appellate brief with the aid of a fellow jail inmate. His conviction was affirmed on appeal. Crawford v. State, 162 Tex.Cr.R. 95, 282 S.W.2d 222. Crawford's family then borrowed money to employ an attorney to file a motion for re-hearing in this Court. The motion was denied. In Crawford, the 5th Circuit Court of Appeals said:

> "We hold that appellant was denied his constitutional right to counsel on appeal. We further hold that the employment of counsel to prepare and file the motion for rehearing was not an adequate substitute for his right to counsel on appeal. There can be no waiver of a right which can no longer be exercised. Cf. Williams v. State of Alabama, 5 Cir., 1965, 341 F.2d 777."

It is interesting to note that the Court does not discuss the question of indigency, but apparently assumes such fact from the record before it.

In the case at bar we would hold that petitioner was denied his constitutional right to counsel on appeal. He is entitled to an out of time appeal. Crawford v. Beto, supra; Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417; Mixon v. State, Tex.Cr. App., 401 S.W.2d 806.

We are not unmindful of the reporter's testimony at the writ hearing that the shorthand notes of petitioner's trial were misplaced in 1964 in the move from one courthouse building to another. It may well be that these notes may have now been located, or that in an out of time appeal the parties will be able to agree upon a statement of facts.

We need not decide until the perfection of the out of time appeal whether the petitioner is entitled to a new trial.

We respectfully dissent.

MORRISON, J., concurs.