**James Arthur SCALES**

**v.**

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections.**

**Civ. A. No. 73-H-729.**

United States District Court, ·
S. D. Texas,
Houston Division.

July 10, 1974.

Court of Fort Bend County, Texas. The conviction was for the offense of robbery by firearms. Punishment was assessed by a jury at thirty years.

The primary question presented is whether petitioner was denied his right to appeal his conviction to the Texas Court of Criminal Appeals.

### FACTS

Petitioner was tried before a jury on May 22, 1972, upon a plea of not guilty. On May 23, 1972, the jury returned a verdict of guilty. On the same day at a separate hearing the jury assessed punishment at thirty years. Petitioner had been represented by an appointed attorney at trial and, as will be seen, for a short time after trial. Although not clear from the record when, petitioner gave timely notice of appeal. On May 30, 1972, petitioner filed a motion for new trial. Then on the 9th of June 1972 petitioner signed and filed in open court an instrument which withdrew his notice of appeal.[1] Although represented by counsel and executed in open court, this proceeding was not recorded.

He accepted sentence on the same day and was sent to the Texas Department of Corrections. Four days later, after arriving at the Diagnostic Unit of the Texas Department of Corrections, he wrote the inmate attorney's office at Huntsville requesting assistance in appealing his conviction.[2] Although not entirely clear when, the trial court was informed of petitioner's renewed desire to appeal, and the court informed peti-

James Arthur Scales, pro se, Harry H. Walsh, Huntsville, Tex., for petitioner.

Calvin Botley, Asst. Atty. Gen., Austin, Tex., for respondent.

SINGLETON, District Judge.

*Memorandum and Order*:

This petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is in state custody by virtue of a final conviction and sentence entered in Cause No. 9428 by the 23rd Judicial District

---

1. The instrument read:

   TO THE HONORABLE JUDGE OF SAID COURT:

   Now Comes, JAMES ARTHUR SCALES, defendant in the above numbered and entitled cause, and after due deliberation and consultation with my attorney, R. A. Stallings, desires to withdraw his notice of appeal.

   Executed this the 9th day of June, 1972.

   /s/ James Scales
   _____
   JAMES ARTHUR SCALES

2. The letter read:

   6-13-72

   I would like to appeal my case because my trial was an unfair trial using false facts. The officer that took the stand was not the one who investigated the case. I was found guilty of robbery but the evidence of a gun was never cleared. I was charged with robbery by firearms and charged with a felony on the same $57.00. The judge said he couldn't try me on the indictment, but 1 week later I was tried and got 30 years.

tioner that his time for notice of appeal had expired.[3]

Thereafter, petitioner filed a pro se application for writ of habeas corpus in the trial court on August 29, 1972, and again on March 14, 1973, raising as one of his contentions a denial of his right to appeal. The applications were denied by the trial court and eventually by the Court of Criminal Appeals on March 28, 1973.

It is petitioner's contention that he did not intelligently and knowingly withdraw his notice of appeal, that he thought the withdrawal of notice of appeal was only an instrument necessary to allow his appointed attorney to withdraw from the case so that he could acquire new counsel. It is the State's position that petitioner's withdrawal of notice of appeal was knowing and his application for writ of habeas corpus is an intentional and deliberate attempt to bypass the orderly state procedure requiring a timely notice of appeal.

At the habeas corpus hearing petitioner's appointed counsel at trial testified that subsequent to his filing a motion for new trial petitioner informed him that he did not want to pursue an appeal. The attorney said he strongly urged petitioner to follow through with the appeal but that petitioner persisted, stating that if he decided to appeal he would get a "writ up there in Huntsville." The attorney explained to petitioner that it would be too late to appeal

his case after he got to Huntsville and that he thought certain grounds of error would be waived if not presented in a motion for new trial. Although the proceeding in court in which petitioner executed his withdrawal of notice of appeal was not transcribed, the trial judge stated by affidavit that petitioner appeared in open court with his attorney and presented a written request to withdraw his appeal; that the matter was again explained to petitioner; that petitioner asserted that he understood the nature of the request; and that petitioner intelligently executed the waiver.[4]

There is not presented the question whether petitioner knew that he had a right to appeal. Petitioner testified that he knew, without having to be told, that he had a right to appeal his conviction. Compare Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Harris v. Estelle, 487 F.2d 1293 (5th Cir. 1973); Daniels v. Alabama, 487 F.2d 887 (5th Cir. 1973); Ex parte Breen, 420 S.W.2d 932 (Tex.Cr.App. 1967) (dissenting opinion). And, of course, he did at first give notice of appeal. There is also no question whether he physically withdrew his notice of appeal, this is sufficiently demonstrated by his signature on the request to withdraw his appeal. The question is whether he knew, at the time he executed his request to withdraw his notice of appeal, that that act was a waiver of his right to appeal. That is, was the execution of

3. Article 44.08, Vernon's Ann.C.C.P. provides that as a condition of perfecting an appeal to the Court of Criminal Appeals the defendant must give notice of appeal, either orally in open court or in writing filed with the clerk, within ten days of the pronouncement of sentence or within ten days from the date a motion for new trial is overruled. The last paragraph of this article provides that the trial court may permit the giving of notice of appeal after the expiration of the ten days if good cause is shown.

4. The affidavit reads:

TO WHOM IT MAY CONCERN:

This is to certify that James Arthur Scales appeared in Court with his attorney, Mr. R. A. Stallings, and that they

presented to me a written withdrawal of Scales' notice of appeal. The matter was explained to Scales and he asserted that he did understand the nature of his request. It is my belief and opinion that Scales understood the proceedings and intelligently executed the waiver, having full knowledge of the contents thereof.

It should be pointed out that Scales was sentenced a few days before the date set for sentencing, which subjectively suggests that he did make the request.

It is difficult to remember all defendants appearing before the Court, however, I believe that Scales will admit that he is known as the "Flip Wilson of Mud Alley."

G. P. Hardy, Jr.

Judge of the 23rd District Court

the request "an intentional relinquishment or abandonment of a known right [to appeal]"? Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L. Ed. 1461 (1938). With due deference to the fact that petitioner presumably either changed his mind after arriving at the penitentiary or set in motion the second act of a scheme to bypass state procedure, this court finds that at the time he executed his withdrawal of notice of appeal he had full knowledge of the probable consequences of his act. This being the factual finding, it follows that the state did not deny him his right to appeal.

■ Of course in either of these presumptive situations, this court "may . . . deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). However, concerned with the "arguable illogicality of turning a rule of timing into a doctrine of forfeitures," *Id.* at 426, 83 S.Ct. at 842, this court will consider each federal claim raised in the petition, but on the other hand, refuse to order the state to entertain an appeal which, under the circumstances of this case, is deemed by the Court of Criminal Appeals to have been forfeited. A strict compliance with its procedural rules is not blindly required by the Court of Criminal Appeals but is rather based upon what it has philosophically determined to be essential to the "fair and equal administration of justice." [5]

■ Petitioner contends that he was denied a fair trial because he was interrogated without being informed of his right to counsel. Assuming without deciding that he was interrogated without being informed of his right to counsel, it is noted that no statements that may have been made during this interrogation were admitted in evidence and petitioner did not allege that any tangible materials or verbal evidence used against him were derived from this alleged lawless activity. Therefore, neither the exclusionary rule, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), nor its attendant "poisonous tree doctrine," Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441 (1963), have been violated. It follows then, there being no evidence the alleged police activity was such as to threaten the integrity of our adversary system,[6] that petitioner's right to a fair trial was not abridged.

■ Petitioner next contends that he was denied due process of law in that he was not afforded an examining trial by the state courts. Since this circuit has held that "a preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's release on habeas corpus," Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969), quoting from Pappillion v. Beto, 257 F.Supp. 502, 503 (S.D.Tex. 1966), this contention is meritless and overruled.

■■ Petitioner alleges in his next ground that his jury was all-white (petitioner is black), biased, and prejudiced,

---

5. The court's rationale was economically stated thusly by Commissioner Dally in a recent opinion explaining the court's refusal to consider an untimely filed motion for new trial:

"It is even more important, however, that we follow the demands of procedural rules set down in our criminal code and the decisions of this Court. Without the consistency and predictability which result from such a policy, attorneys could not act with certainty to protect the interest and rights of clients, nor could defendants be assured of a fair and equal administration of justice. A defendant's failure to adhere to procedural rules may in a rare instance delay the just resolution of his case by limiting him to his postconviction remedy. But we are confident that our insistence on these rules in the long run results in swifter, surer justice under law."
Jones v. State, 501 S.W.2d 677, 679 (Tex. Cr.App.1973).

6. *Cf.* Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) (Justice Brennan, dissenting); United States v. Trevino, 62 F.R.D. 74 (S.D.Tex.1974).

and did not represent a true cross section of the county. There was no evidence that the jury was biased or prejudiced. And even if it were shown that the jury was all-white and did not represent a cross section of the county, petitioner is entitled to no relief absent a showing of systematic exclusion. Apadoca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). This ground is overruled.

█ Finally, petitioner contends his court-appointed, trial attorney was ineffective. Reviewing the record of the trial in its entirety this court concludes that petitioner's attorney did render reasonably effective assistance of counsel. Compare Santillan v. Beto, 371 F.Supp. 194 (S.D.Tex.1974).

Accordingly, it is ordered, adjudged, and decreed that the petition for writ of habeas corpus be, and the same is hereby, denied.