**Melvin Lon McCRAY, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. C-68-7-E.**

United States District Court
N. D. West Virginia.

Oct. 9, 1968.

L. D. Lucas, Jr., Philippi, W. Va. (appointed), for petitioner.

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

ROBERT EARL MAXWELL, Chief Judge.

Petitioner is presently incarcerated at the West Virginia State Penitentiary serving an indeterminate sentence of not less than one nor more than ten years, following his criminal conviction in Wood County, West Virginia. After having exhausted state remedies, the Petitioner files here for a writ of federal habeas corpus pursuant to Title 28, Section 2254, United States Code.

An indictment for breaking and entering was returned against the Petitioner on April 24, 1962. The case was referred to the Intermediate Court of Wood County April 27, 1962, because Petitioner was 17 years old. That court refused jurisdiction and remanded to the Circuit Court May 3, 1962.[1] The Petitioner was sentenced to not less than one nor more than ten years on May 7, 1962, after a plea of guilty in the Circuit Court of Wood County. This sentence was suspended and a five years probation imposed. On December 27, 1962, after violating his probation Petitioner was sent to the West Virginia Forestry Camp for one year. On November 6, 1963, he was returned from Forestry Camp. On November 11, 1963, he was placed on probation for two years. Probation was again violated and a capias issued June 26, 1964. On November 12, 1965, Petitioner was sent to the West Virginia Penitentiary to serve the imposed sentence.

A full evidentiary hearing was held in this Court on June 11, 1968, at which time counsel here for Petitioner summarized his client's grounds for relief as follows: (1) throughout the Petitioner's history as a defendant he has been denied the effective assistance of counsel when counsel has been afforded him; (2) he was without the assistance of counsel when his first probation was revoked and he was sent to Forestry Camp; (3) he was without the assistance of counsel when placed on probation the second time; and (4) the Circuit Court of Wood County was without jurisdiction over him when he entered his plea of guilty on May 2, 1962.

■ As to the allegation of ineffective assistance of counsel, Petitioner was represented by two different attorneys at different stages in his case. In regard to the second instance, the reimposition of the prison sentence on November 12, 1965, nothing was offered to this Court other than the bare allegation that counsel was ineffective because he did not investigate Petitioner's case. Such an unsupported allegation is insufficient to carry the burden of proof and this ground therefore must be denied.

■ Petitioner testified that his first court appointed counsel was ineffective because he did not investigate his case and never explained his right to a jury trial. The Respondent offered the testimony of the trial counsel which effectively contradicted Petitioner. Counsel testified that he talked with Petitioner on two occasions, talked with the detectives involved who gave him a copy of Petitioner's confession, that Petitioner offered no defense, merely stating that the indictment was true and that he had given the confession. Counsel also related that he advised Petitioner to plead guilty but that it was his own decision to do so, and that after the plea was entered counsel moved for probation. Under the circumstances here, it is the opinion of this Court that counsel did all that could possibly have been done on Petitioner's behalf and was by no means ineffective.

■ It is uncontradicted that when Petitioner's probation was revoked and he was sent to Forestry Camp he was without the assistance of counsel. As the basis of this claim, the Petitioner relies on Mempa v. Rhay, 389 U.S. 128, 88

1. Chapter 49, Article 5, Section 14, W.Va.Code (Michie 1961).

S.Ct. 254, 19 L.Ed.2d 336 (1967). Although it appears that no federal courts have decided the retroactivity of this decision at this time, two states have ruled on it and found it to be retroactive at least as far back as 1945. See State v. Seymore, 98 N.J.Super. 526, 237 A.2d 900 (Jan. 18, 1968), and Commonwealth v. Johnson, 428 Pa. 210, 236 A.2d 805 (Jan. 3, 1968). This Court does not reach that issue. Instead, this ground will be denied for mootness. Petitioner is not now suffering any confinement derived from that revocation. He was not sentenced to the penitentiary as could have been the situation,[2] but was instead sent to a reformatory for one year. After serving 10 months and 14 days he was placed on probation for two years. When that probation was subsequently revoked, he was given full credit for one year at Forestry Camp.

█ The third allegation, that he was without the assistance of counsel when *placed* on probation the second time, is novel. Counsel for Petitioner admitted that he can show no prejudice. At the plenary hearing, when asked by Respondent whether it would have been better to have gone to the penitentiary rather than probation, the Petitioner conceded that it would not have been better, but said "my rights were prejudiced." Petitioner was unable to say in what manner they were prejudiced. Evidently the Petitioner held some misconceived notion that after a year at Forestry Camp he would be unconditionally released. He admitted that no one told him such would be the case. Being placed on probation may not have been what Petitioner expected but that does not make the trial court's action a constitutional deprivation.

Petitioner's copy of his sentencing order indicates that he entered his plea on May 2, 1962. He also testified that he was in court and entered his guilty plea that day. However, the Deputy Clerk of Court for Wood County testified that there is no order contained in the court records for May 2, 1962, pertaining to the Petitioner, that the official record of the sentencing order shows May 7, 1962, as the date of the plea. Petitioner's trial counsel also testified that he had in his files a copy of a letter he had written to Petitioner stating that they were to appear on May 7, 1962. In light of these facts, this Court must accept the official records of the state court as conclusive and dismiss this ground.

█ It should also be pointed out that upon examination by the Court prior to the taking of any testimony, the Petitioner stated that he was not satisfied with the manner in which court appointed counsel here had prepared for this hearing in regard to the calling of certain witnesses for the Petitioner. Upon further inquiry counsel stated that, after interviews with the proposed witnesses and a conference with Petitioner, it was counsel's opinion that they would not aid the Petitioner's cause since all they could testify to was concerned with a previous habeas corpus hearing. Petitioner then agreed that the hearing should proceed and that he should indicate any dissatisfaction after all the testimony was heard. After all the evidence and testimony was presented, Petitioner stated that the witnesses were not necessary and he was satisfied with the manner in which counsel had presented his case. This Court is in agreement with the recent decision of United States v. Birrell, 286 F.Supp. 885 (S.D.N.Y., May 27, 1968), in which it is stated:

Counsel—whether retained or appointed—and not the client is the manager of the lawsuit. Decisions as to tactics and strategy are the sole responsibility of counsel, in the exercise of his professional judgment. There is no requirement that an attorney stultify himself by making meritless ar-

---

2. Chapter 62, Article 12, Section 19, W.Va. Code (Michie 1961). The significantly more lenient treatment of Petitioner was pursuant to Chapter 25, Article 4, Section 6, W.Va.Code (Michie 1961).

guments or motions. A defendant in a criminal case does not have a constitutional right to an attorney with whose advice he agrees.

This argument would be even more compelling in a habeas corpus action which is only quasi-criminal in nature.

For the above reasons, therefore, the prayer of the petition will be denied by an appropriate order.