JOHNNY CRAWFORD V. STATE

No. 27,642. June 15, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 12, 1955

*Theo Pat Henley* (on Motion for Rehearing) San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery, with a prior conviction of an offense of the same nature alleged for the purpose of enhancement; the punishment, life.

Kuykendall, the injured party, testified that as he crossed Travis Park in the city of San Antonio after midnight he was accosted by three men, one of whom was the appellant; that one of them said, "I am a detective. Put up your hands"; that he complied, and the appellant reached in his (Kuykendall's) pocket, removed his billfold, and extricated the money therein; that the billfold was dropped to the ground, and he was instructed to pick it up but that when he did he was kicked. Kuykendall stated that when he started to leave the appellant grabbed him by the shirt and pulled him back and told him not to look around, that he waited until the three left and then went in search of the police.

One Reitbauer, a parking lot attendant, testified that on the night in question he saw three men enter Travis Park, stop another man, pull him back, knock him down, and then kick him. He identified appellant as being the aggressor among the three. He stated that as soon as the three left, Kuykendall (the man who had been knocked down) came to him, and he called the police; that they arrived within five minutes, and he directed the police as to the direction of the assailants' flight.

Officer Kilgore of the San Antonio police testified that he arrived at Travis Park on the night in question, picked up Kuykendall, and later apprehended the appellant and his two companions near the Alamo.

Del Toro, a hotel attendant, identified the appellant as one of three men whom he saw push and search a man in the park on the night in question.

Martinez, a street sweeper, identified the appellant as one of three men whom he saw beat up a man in the park and then leave together.

The appellant was identified as the individual who had been convicted in 1950 for assault with intent to rob.

The appellant did not testify in his own behalf, but offered his sister, who testified that the appellant had been gainfully employed, and Sergeant Zapata, from whom he established that Kuykendall sustained no visible injuries on the night in question.

The evidence is sufficient to support the conviction.

Appellant was represented by two attorneys at the trial, but

has filed his own brief in this court. We shall discuss the contentions there made which may be said to have been properly raised in the trial court.

Appellant complains of what he calls a conflict between the testimony of the injured parties and the other state's witnesses as to the exact location in the park where the assault occurred. We are not impressed with any serious conflict, and certainly the jury was authorized to resolve any conflict that might appear.

During the trial, a motion was made to withhold the indictment from the jury's examination because it was endorsed with the words, "Robbery by Assault (Repeater)." The face of the indictment showed the prior conviction and alleged, in effect, that the accused was a repeater, and the jury was told nothing by the endorsement which was not apparent from the face.

The appellant has written this court several letters, which, of course, we are not authorized to consider.

No reversible error appearing, the judgment of the trial court is affirmed.