**Lynn B. ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39710.

Court of Criminal Appeals of Texas.

June 1, 1966.

No attorney of record on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

The conviction is for violation of Art. 567b Vernon's Ann.P.C. by the delivery of a check in the sum of $21.17.

Trial was before the court on a plea of guilty. On December 10, 1965, judgment was rendered assessing the punishment at 3 days in jail and a fine of $100.

Motion for new trial was filed December 21, 1965, and was overruled on January 10, 1966.

The order overruling appellant's motion for new trial recites that the defendant gave notice of appeal; that he had theretofore entered into a bail bond guaranteeing his appearance in this cause which the court found to be sufficient and that no further bond was required of the defendant for this appeal.

Also, the clerk was ordered to prepare a record in accordance with Art. 40.09, Vernon's Ann. Code of Criminal Procedure, said record to be prepared within 90 days.

It was noted in the order that the defendant waived his right to be present for sentencing and a sentence filed January 11, 1966, appears in the record bearing the certificate of the clerk of the trial court dated April 27, 1966.

The state submits that the appeal should be dismissed for want of a recognizance on appeal, an appeal bond or a showing that appellant is in jail, pointing out that the case was tried in 1965 under the old Code, citing Holdman v. State, Tex.Cr. App., 399 S.W.2d 361.

We overrule the state's motion. Insofar as it may be construed as applying to the giving of notice of appeal after January 1, 1966, the preparation of the record on appeal and subsequent procedure provided for in Art. 40.09, Holdman v. State, supra, is overruled.

The record on appeal contains no bills of exception or assignments of error and nothing is presented for review.

The judgment is affirmed.