**Adam RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39709.**

Court of Criminal Appeals of Texas.

June 1, 1966.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

The conviction is under Art. 802, Vernon's Ann.P.C., for the misdemeanor offense of driving while intoxicated; the punishment, three days in jail and a fine of $125.

Trial was before the court on appellant's plea of guilty. Judgment was rendered on December 9, 1965.

Motion for new trial was filed on December 20, 1965, and was overruled on January 10, 1966.

The order overruling the motion for new trial recites that the defendant in open court excepted and gave notice of appeal; and that he had theretofore entered into a bail bond guaranteeing his appearance in the cause. The court found such bond to be sufficient and no further bond was required of the defendant for this appeal.

The clerk was directed to prepare a record in the cause in accordance with Art. 40.09 of the Code of Criminal Procedure, said record to be prepared within 90 days.

The order further recites: "The defendant waived his right to be present for sentencing."

The record on appeal does not include a sentence pronounced by the court, as required by Art. 40.09(1) C.C.P.

Notice of appeal having been given after January 1, 1966, the preparation of the record and pronouncement of sentence is governed by the 1965 Code. Ross v. State, Tex.Cr.App., 403 S.W.2d 138, this day decided.

Art. 42.02 provides:

"A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

Art. 42.03 C.C.P. provides, in part, as follows:

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment * * *."

Art. 42.04 C.C.P. provides that sentence shall not be pronounced pending an appeal from a death penalty, but that in all other cases except where imposition of sentence has been suspended in probation cases "sentence shall be pronounced before the appeal is taken."

Art. 42.14 provides that the judgment and sentence in a misdemeanor case may be *rendered* in the absence of the defendant.

Without a sentence, this court is without jurisdiction of the appeal.

The appeal is dismissed.

Opinion approved by the Court.