STATE OF NEBRASKA, APPELLEE, V. CHARLES E. HOLIDAY, APPELLANT.

155 N. W. 2d 378

Filed December 29, 1967. No. 36611.

See *ante* p. 229, 153 N. W. 2d 855, for original opinion.

Richard M. Duxbury and David L. Crawford, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This case is presently before the court on a motion for rehearing. On November 3, 1967, we released our opinion in this case, holding that in a proceeding to revoke an order of probation where sentence had not been previously imposed, "no formal trial is required nor is the assignment or presence of counsel required, although the probationer may appear by counsel if he so desires." State v. Holiday, *ante* p. 229, 153 N. W. 2d 855. It is not questioned that the defendant requested and was denied legal counsel at public expense by the trial court.

On November 13, 1967, the Supreme Court of the United States, in Mempa v. Rhay and Walkling v. Washington State Board of Prison Terms and Paroles, 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336, held that a

lawyer must be afforded in such a proceeding whether it be labeled a revocation of probation or a deferred sentencing in order to comply with the Sixth Amendment to the Constitution of the United States made applicable to the states by the Fourteenth Amendment to the Constitution of the United States.

The present case has not become final. Finality is indicated in Linkletter v. Walker, 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601, note 5, as follows: "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in Mapp v. Ohio."

The Mempa and Walkling cases are therefore applicable to the present case. By this supplemental opinion we withdraw that part of our former opinion in conflict with the Mempa and Walkling cases and hold that defendant was entitled to legal counsel at public expense in the hearing to revoke the order granting probation to the defendant. The judgment is reversed and the cause remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.