98 N.J. Super. 526 (1968)
237 A.2d 900
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY T. SEYMOUR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1968.
Decided January 18, 1968.
*527 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Carl R. Soller, Assistant Deputy Public Defender, for appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Archibald Kreiger, Assistant Prosecutor, for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
*528 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant, appearing by the Public Defender, appeals from an order denying his petition for post-conviction relief.
The Passaic County grand jury returned two indictments in September 1949 charging defendant with larceny of a motor vehicle. He initially pleaded not guilty, but later changed his plea to nonvult, with the result that in December 1949 he was sentenced to the New Jersey State Reformatory at Annandale. However, the sentence was suspended upon payment of a fine of $100 and defendant was placed on probation for five years.
In July 1950 defendant was again brought before the sentencing judge, at which time the court accepted his plea of nonvult to a charge of violating probation, based on his having illegally been out of the State. The judge sentenced defendant to Annandale for a maximum period of five years on each indictment, the sentences to run concurrently. After serving 14 months of this sentence defendant was released on parole.
In 1954 defendant was charged and convicted of breaking and entering with intent to commit rape, for which he was sentenced to State Prison. He was incarcerated there until 1967, a period of 13 years. The State Parole Board then reverted defendant to serve the balance of time he still owed on the 5-year commitment for violation of probation. N.J.S.A. 30:4-123.24.
Defendant now claims that (1) he was denied adequate assistance of counsel at the time he was arraigned, retracted his plea and originally sentenced in late 1949; (2) he was denied the opportunity to speak in his own behalf at the time of that sentence; (3) he was denied his constitutional right to the assistance of counsel, without having waived that right, at the revocation of probation proceedings when he was resentenced to Annandale Reformatory in 1950, and was also denied an opportunity to speak in his own behalf at that time.
*529 As for the first ground of appeal, defendant argued below that he had been denied the assistance of counsel at the time he originally pleaded nonvult and was sentenced. The record belies that claim. What he now argues, for the first time on appeal, is that the assistance then given him by counsel was inadequate. We are convinced that the representation was entirely adequate, as demonstrated by the light fine and suspension of sentence imposed by the trial judge.
As for the argument addressed to the denial of an opportunity to speak in his own behalf at the original sentence and at the resentence after revocation of probation, State v. Cerce, 46 N.J. 387, 396 (1966) is entirely dispositive. The court there held that, absent aggravating circumstances and actual prejudice resulting therefrom, this is not a valid ground for post-conviction relief, but can only be raised on direct appeal from the conviction.
As for defendant's final ground, the State does not contradict defendant's representation that he was without the assistance of counsel at the revocation of probation proceedings in 1950. Mempa v. Rahy, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), laid down the rule that a defendant sentenced and placed on probation has a constitutional right to the assistance of counsel in proceedings brought to revoke his probation or to reimpose a suspended sentence, by virtue of the Sixth and Fourteenth Amendments to the United States Constitution. In that case Mempa's probation was revoked in October 1959 when he stood before the court without the assistance of counsel. In 1966 his petition for a writ of habeas corpus was denied by the Washington Supreme Court, 68 Wash.2d 882, 416 P.2d 104 (1966). The United States Supreme Court granted certiorari and reversed and remanded. Mempa clearly involved a revocation proceeding that had taken place years before the application for a writ of habeas corpus, as is the case here with defendant's application for post-conviction relief. Bresolin v. Rhay, 389 U.S. 214, 88 S.Ct. 418, 19 *530 L.Ed.2d 425 (1967), presented the same issue as did Mempa, and resulted in a terse reversal, citing Mempa. And see State v. Louis, 97 N.J. Super. 35 (App. Div. 1967), decided shortly before the coming down of the Mempa decision.
Accordingly, we reverse and remand to the end that there be a new revocation of probation hearing, at which defendant will be represented by counsel of his own choosing or by the Public Defender should he be indigent.