Johnny CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 41466.

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

On Rehearing Nov. 27, 1968.

Franklin S. Spears, Michael B. Hunter, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

This is what is referred to in the record as an out of time appeal.

In 1955 appellant was convicted in the Special Criminal District Court of Bexar

County of the offense of robbery by assault. His punishment was assessed at life imprisonment, being enhanced under Art. 62, P.C., by reason of a prior conviction in the Criminal District Court of Bexar County in 1951 for the offense of assault with intent to rob.

On an original appeal the judgment of conviction was affirmed by this court in Crawford v. State, 162 Tex.Cr.R. 95, 282 S.W.2d 222.

In 1964 appellant by petition for writ of habeas corpus attacked the 1955 conviction as void on the ground that he was not represented by counsel when the probation granted to him in the 1951 conviction was revoked. The petition was denied by this court in Ex parte Crawford, Tex.Cr.App., 379 S.W.2d 663.

Thereafter, in a subsequent habeas corpus proceeding, the United States Court of Appeals for the Fifth Circuit found that appellant was denied his constitutional right to counsel on appeal, from the 1955 conviction and was "entitled to an out of time appeal, or in the alternative, to a new trial if an out of time appeal is not available." Crawford v. Beto, 383 F.2d 604 (1967).

Pursuant to such order, appellant was brought before the 175th Judicial District Court of Bexar County and after the appointment of counsel to represent him a hearing was held in which appellant again sought to set aside the 1955 judgment of conviction upon the allegation that the conviction with punishment enhanced under Art. 62, P.C. was invalid because in the 1951 conviction used for enhancement he was neither represented by counsel at the trial nor when his probation was later revoked by the court. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, were cited by appellant in support of his contention.

Following a hearing, the proceedings were certified to this court as a delayed appeal.

In Ex parte Crawford, supra, this court found that appellant was represented by counsel at his trial in 1951 when he was granted probation, but that he was not represented by counsel when his probation was later revoked.

On this appeal we will only be concerned with the effect of the decision by the Supreme Court of the United States in Mempa v. Rhay, supra, decided November 13, 1967, on the revocation of appellant's probation in the 1951 conviction when he was not represented by counsel.

In Mempa v. Rhay, supra, it was held that the appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of the accused may be affected, and that as a matter of constitutional law a lawyer must be afforded an accused at a proceeding for revocation of probation or deferred sentencing.

We are cited to no holding by the Supreme Court of the United States that its opinion in Mempa v. Rhay is to be applied retroactively.

We are not inclined to so hold, especially in view of our recent holdings in Ex parte Williams, Tex.Cr.App., 414 S.W.2d 472, and Ex parte McCarter, Tex.Cr.App., 415 S.W.2d 409, that the provision of Art. 42.12, C.C.P. of 1965, relating to the appointment of counsel when probation is sought to be revoked is not retroactive.

Under the record, appellant is not entitled to a reversal.

We observe that if Mempa v. Rhay were held to be retroactive appellant would not be entitled to discharge but only to a remand to answer the indictment, because he would not have served the maximum punishment of life imprisonment to which he could be legally sentenced upon conviction for the offense of robbery. Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66.

The judgment is affirmed.

DISSENTING OPINION

ONION, Judge.

This case presents the question of the retroactivity of the holding in Mempa v. Rhay (Walkling v. Washington), 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. In Mempa, which involved the revocation of probation in the State of Washington, the United States Supreme Court held that the appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights may be affected, and as a matter of federal constitutional law, a lawyer must be afforded such accused at a proceeding for revocation of probation or deferred sentencing.

This current appeal from a 1955 conviction has an interesting history. In that year the appellant was convicted of robbery by assault in the Special Criminal District Court of Bexar County (now the 175th District Court) with punishment assessed at life imprisonment under the provisions of Article 62, V.A.P.C., by reason of a prior conviction for assault with intent to rob in the Criminal District Court of Bexar County (now the 144th District Court). The record as to the prior conviction reflects that the appellant entered a plea of guilty on January 27, 1950; that the imposition of the sentence was suspended and the appellant granted probation; that subsequently on January 2, 1951, appellant's probation was revoked and for the first time sentence was imposed.

The 1955 judgment of conviction for the offense of robbery was originally affirmed by this Court in 282 S.W.2d 222.

Subsequently, by habeas corpus petition this appellant, in 1964, attacked the same conviction as void, contending that he was without counsel when the 4-year probation granted him following his conviction for assault with intent to rob was revoked in 1951 by the said Criminal District Court. Such petition was denied in Ex parte Crawford, Tex.Cr.App., 379 S.W.2d 663.

In Crawford v. Beto, 383 F.2d 604, a subsequent habeas corpus proceeding, the Fifth Circuit Court of Appeals found that the appellant was denied his constitutional right to counsel on appeal from his 1955 conviction for robbery by assault and was therefore "entitled to an out of time appeal, or in the alternative, to a new trial if an out of time appeal is not available."

With reference to an out of time appeal the federal court cited Ex parte Mixon, Tex.Cr.App., 396 S.W.2d 417; Mixon v. State, Tex.Cr.App., 401 S.W.2d 806. Cf. also Ex parte Young, Tex.Cr.App., 418 S.W.2d 824; Ex parte Castanuela, Tex.Cr.App., 435 S.W.2d 145; Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146.

In Ex parte Mixon, supra, a habeas corpus proceeding, this Court set aside its order affirming Mixon's conviction (365 S.W.2d 364) and ordered the trial court to appoint counsel to represent him on appeal, or, in the alternative, to release him from custody. An out of time appeal with counsel was subsequently granted on the record already on file in this Court. Mixon v. State, supra.

In the case at bar, pursuant to the order of the federal court, the trial court appointed counsel on appeal for the appellant Crawford, and then proceeded to hear and overrule a "motion for new trial" filed by such counsel, apparently on the belief that the 1965 Code of Criminal Procedure was applicable. See Article 40.09, V.A.C.C.P. It is observed, however, that the law in force at the time of the giving of the notice of appeal furnishes the rule by which an appeal in a criminal case is governed. Ross v. State, Tex.Cr.App., 403 S.W.2d 138; Rivera v. State, Tex.Cr.App., 403 S.W.2d 130; Jones v. State, Tex.Cr.App., 406 S.W.2d 451; Carter v. State, Tex.Cr.App., 408 S.W.2d 507. Therefore, the 1925 Code of Criminal Procedure is applicable to this out of time appeal in view of the 1955 notice of appeal. The action of the federal court did not constitute a new notice of appeal. The out of time appeal being an available procedure, there was no authority for the

court, while in the process of granting an out of time appeal, to also grant a new trial and set aside a conviction where notice of appeal was given under the said 1925 Code. Cf. Article 11.07, V.A.C.C.P. This, of course, would not be true where the notice of appeal is given after the effective date of the 1965 Code of Criminal Procedure.

Upon this appeal appellant urges that the 1955 robbery conviction with punishment enhanced as a repeater was invalid because at the time of his plea of guilty to the prior conviction, which was used for enhancement, he was indigent and not represented by counsel and that he did not waive such constitutional right. He relies upon Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526; Ex parte Greer, Tex.Cr.App., 408 S.W.2d 711; Ex parte Hammonds, Tex.Cr.App., 407 S.W.2d 779. This claim is without merit. Though unnamed, the judgment entered in the prior conviction reflects that appellant was represented by counsel and the court's case jacket reflects the name of the attorney. Further, at the time of the 1955 trial from which this appeal is prosecuted, the assistant district attorney who represented the State at the time of appellant's prior conviction testified that the appellant had counsel at the time of his guilty plea. Still further, in his 1964 pro se petition for habeas corpus appellant himself swore he was represented by counsel at the time of his guilty plea. This petition was considered in Ex parte Crawford, Tex.Cr.App., 379 S.W.2d 663, in which this Court found that he was represented by counsel when he entered a plea of guilty to assault with intent to rob and was granted probation.

In that same proceeding, however, this Court concluded that appellant was not represented by counsel when his probation was subsequently revoked on January 2, 1951. This is appellant's second ground of error on his present appeal.

The sentence and other records of the prior conviction raise the presumption that the appellant was without counsel on the day his probation was revoked and sentence was pronounced. Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. We do not understand the State to contend that he did have counsel, only that at the time the court was not required to appoint counsel for an indigent at a probation revocation hearing.

Reams could be written about the differences between the Texas probation procedure and the Washington procedure involved in Mempa v. Rhay, supra. Nevertheless, it would be difficult for any student of the law to conclude that our revocation hearings are not criminal proceedings "where substantial rights of an accused may be affected." The revocation proceedings cannot be isolated from the context of the criminal process.

Probation not only allows the probationer to remain free under supervision and subject to certain conditions, but also affords him an opportunity to clear his record upon successful completion of his term of probation. Article 42.12, Sec. 7, V.A.C.C.P. "These are substantial interests whether characterized as 'rights' or as 'privileges,' which should not be nullified without proper safeguards." Note, Criminal Law-Probation, 45 Tex.L.R. 585. While there is no right to either the court's or the jury's grace, once granted, probation should not be arbitrarily withdrawn by the court.

Certainly this Court has long held that a proceeding to revoke probation is not a trial in the constitutional sense. Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838, cert. denied 354 U.S. 927, 77 S.Ct. 1386, 1 L.Ed. 2d 1439; Cooke v. State, 164 Tex.Cr.R. 320, 299 S.W.2d 143; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Leija v. State, 167 Tex.Cr.R. 300, 320 S.W.2d 3; Stratmon v. State, 169 Tex.Cr.R. 188, 333

S.W.2d 135. See also Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589.

We know, however, that due process alone may require the presence of counsel at even noncriminal proceeding. In re Gault, 387 U.S. 1, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527. See also Comment, 42 New York University Law Review 955, 958. Cf. Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326; Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620.

Further, the factual determination of the occurrence of acts alleged as violations of probationary conditions at a revocation hearing in absence of counsel places the probationer in jeopardy without affording him an adequate means to defend himself.[1] The option to revoke remains with the trial judge, Article 42.12, Sec. 8, V.A.C.C.P., and he also has the authority to change the probationary conditions, making them more restrictive.[2] Article 42.12, Sec. 6, V.A. C.C.P. The necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances, cross-examining witnesses and, in general, aiding and assisting the probationer in such hearing is apparent.

Further, certain legal rights may be lost if not exercised at this stage. Without enumerating them all, it is observed that a defendant has a right of appeal following revocation. Article 42.12, Sec. 8, V.A. C.C.P. See also former Articles 781b and 781d. While such appeal is limited to the propriety of the revocation itself, Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825, such right may be lost if notice is not given by the uncounseled defendant unaware of this opportunity. Further, in Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583, it was held that the sufficiency of the mo-

tion to revoke cannot be raised for the first time on appeal. There the appellant has failed to question the motion in the trial court. While in Texas the punishment assessed in probation cases is not deferred until time of revocation, and though not applicable in the case at bar, this Court upheld, in Beshear v. State, 169 Tex.Cr.R. 131, 332 S.W.2d 724, the authority of the trial court to reduce the punishment originally assessed at the time of revocation, if the defendant has served two years on probation or one-third of the original probationary period. See Article 42.12, Sec. 7, supra (former Article 781d, Sec. 7). Surely the value of counsel in urging the court's consideration of such reduction where applicable is immense. Further, when the imposition of the sentence is suspended when probation is granted, the court has the authority upon revocation to cause the sentence to be made cumulative with any other outstanding sentence. See Ex parte March, Tex.Cr.App., 423 S.W.2d 916.

A state is not constitutionally required to provide for probation and revocation proceedings as a part of its criminal process any more than it is required to provide for appellate review, but when it does, then due process and equal protection of the law is fully applicable thereto. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Griffin v. People of State of Illinois, 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891. See also Hoffman v. State, 404 P.2d 644 (Alaska); People v. Price, 24 Ill.App.2d 364, 164 N.E.2d 528; Williams v. Commonwealth, 350 Mass. 732, 216 N.E.2d 779; Blea v. Cox, 75 N.M. 265, 403 P.2d 701. Cf. Baxstrom v. Herold, supra. Therefore, the indigent probationer is entitled

---

1. It is observed that where the violation of the probationary condition alleged is the commission of an offense against the laws of Texas, some other state or the United States, the probationer need not be convicted for such offense before revocation is authorized. Ex parte Bruinsma, supra; Dunn v. State, supra.

2. The trial judge's authority to impose conditions of probation is limited to the statutory conditions only where the probation is granted by the jury. Article 42.12, Sec. 3a, V.A.C.C.P. This was not true prior to the effective date of the 1965 Code of Criminal Procedure.

to representation as well as the affluent probationer.

Over three years ago, in enacting the 1965 Code of Criminal Procedure, the Legislature wisely required the assistance of counsel in such hearing. Article 42.12, Sec. 3b, V.A.C.C.P.; Ex parte Williams, Tex.Cr.App., 414 S.W.2d 472.

Therefore, without question, even outside the equal protection context, Mempa v. Rhay, supra, applies with full force and effect to Texas,[3] and the question of its retroactivity must now be considered.

Unfortunately in Mempa, the Court did not speak to the issue of retroactivity as it has done recently in cases involving new constitutional issues affecting state criminal proceedings.

The Supreme Court has accepted the principle that today in criminal litigation concerning constitutional claims the Court may in the interest of justice make the rule prospective where the exigencies of the situation require such an application.[4] Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. In short, the Court here held that the Constitution neither prohibits nor requires retrospective effect of a new constitutional rule.

Since the petitioners' attack in Mempa was by collateral proceedings, the very nature of the Court's decision indicates a retroactive application. A ruling that is purely prospective does not apply even to the parties before the court, Linkletter v. Walker, supra, and nothing in Mempa indicates that the petitioners were being given the benefit of such ruling as "an unavoidable consequence of the necessity that constitutional adjudications not stand as mere dictum." Stovall v. Denno, supra.

In Besolin v. Rhay, 389 U.S. 214, 88 S.Ct. 418, 19 L.Ed.2d 425, the Supreme Court indicated retroactive application when presented with the same issue as Mempa they tersely reversed citing Mempa.

Also, "[i]t is true that the right to the assistance of counsel has been applied retroactively at stages of the prosecution where denial of the right must almost invariably deny a fair trial, for example, at the trial itself, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, or at some forms of arraignment, Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, or on appeal, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811." Stovall v. Denno, supra. Further, we know that "[t]he right to counsel is not a right confined to representation during the trial on the merits." Moore v. State of Michigan, 355 U.S. 155, 160, 78 S.Ct. 191, 194, 2 L.Ed.2d 167, 171. See also Blea v. Cox, 75 N.M. 265, 403 P.2d 701.

In arriving at its decision in Mempa, the Court relied upon Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; Moore v. State of Michigan, supra, and Hamilton v. State of Alabama, supra, and

3. This writer is not unaware of the decisions in Sammons v. United States, D.C., 285 F.Supp. 100 and Holder v. United States, D.C., 285 F.Supp. 380, holding that an indigent was not entitled to court appointed counsel as a matter of right at a federal revocation of probation hearing and that Mempa was not controlling. See also United States v. Hartsell, D.C., 277 F.Supp. 993. Assuming the correctness of such decisions, the distinction between the federal revocation proceedings as set out in these opinions and those of Texas are obvious.

4. "The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

as earlier observed, Hamilton has been held retroactive. Stovall v. Denno, supra.

In Commonwealth v. Johnson, 428 Pa. 210, 236 A.2d 805, the Supreme Court of Pennsylvania stated that "Mempa comes very close to holding, if it does not actually so hold, that all sentencing per se is a critical stage requiring that the accused be given counsel." This statement was based upon the observation that in Mempa the Court noted that its decision in Townsend v. Burke, supra, holding the absence of counsel during sentencing was a denial of due process only when coupled with other "special circumstances," was decided under the authority of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, and the special circumstances requirement had been stripped away by Gideon when it overruled Betts. In fact, Mr. Justice Marshall in Mempa said: "In particular, Townsend v. Burke, supra, illustrates the critical nature of sentencing in a criminal case and might well be considered to support by itself a holding that the right to counsel applies at sentencing." 389 U.S. at 134, 88 S.Ct. at 257.

Further, when confronted with the precise question before us, the Superior Court of New Jersey in State v. Seymour, 98 N.J.Super. 526, 237 A.2d 900, relying upon Bresolin v. Rhay, supra, gave Mempa retroactive application.

It is true, of course, that not every constitutional rule involving the right to counsel has been given retroactive application. See Johnson v. State of New Jersey, supra (concerning the Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, decision involving right to counsel to protect Fifth Amendment rights) and Stovall v. Denno, supra (concerning United States v. Wade, 388 U.S. 218, 87 S.Ct.

1926, 18 L.Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178,—involving right to counsel at lineups). In these cases the court asked not so much about the nature of the right to be protected, but about the extent to which other "safeguards" were available to protect the integrity of the truth-determining process at trial or the unfairness of the lineups.

The principle of Mempa goes to the fairness of the revocation hearing—an integral part of the criminal procedure by which a probationer is deprived of his liberty. This is not unlike Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, which for the same reason were given full retroactive application.[5] See Eskridge v. Washington State Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269; Linkletter v. Walker, supra; Tehan v. United States ex rel. Shott, supra; Stovall v. Denno, supra.

I cannot reach any other satisfactory conclusion in my own mind except that Mempa must be applied retroactively and that the constitutional error here presented cannot be deemed harmless error beyond a reasonable doubt under the doctrine of Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Since the defect in the prior conviction was the denial of counsel at revocation of probation and sentencing, the appellant Crawford suffered anew from the deprivation of that Sixth Amendment right when that prior conviction was used to enhance punishment for another offense. See Burgett v. State of Texas, supra. The situation is not unlike Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526. To support enhanced punishment the prior conviction utilized must be valid and final without constitu-

---

5. For this reason this writer concludes that neither the reliance of law enforcement officials, Cf. Tehan v. United States ex rel. Shott, supra; Johnson v. State of New Jersey, supra, nor the impact of a retroactive holding on the administration of justice, Cf. Stovall v. Denno, supra, warrants a decision against the fully retroactive application of Mempa. See Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, footnote 22.

tional infirmity. Cf. White v. State, 171 Tex.Cr.R. 683, 353 S.W.2d 229.

Perhaps the reasoning of the majority would have been more persuasive if they had used the criteria which must be utilized in determining the prospectivity of a new constitutional rule. See footnote 4. This they did not do. Cf. Ex parte Thomas, Tex.Cr.App., 429 S.W.2d 151.

I am in full accord, though, with the proposition that the provisions of Article 42.12, Sec. 3b, supra, relating to the appointment of counsel at revocation of probation hearings, is not to be applied retroactively, but in view of the constitutional prohibition against ex post facto legislation, I feel that there is vital distinction to be made between the restrospectivity of a new statute and a new federal constitutional rule.

Further, since the majority has concluded that Mempa is to be applied only prospectively, it seems just and proper that they indicate whether it applies to all probationary revocation hearings after the date of Mempa (Nov. 13, 1967) [6] (Cf. Stovall v. Denno, supra), or to all cases not yet final as did the Supreme Court of Nebraska in State v. Holiday, 182 Neb. 410, 155 N.W.2d 378, when considering Mempa. (Cf. Linkletter v. Walker, supra.) In the latter case, would not the prospective application of the majority still entitle the appellant Crawford to relief sought since by virtue of another constitutional infirmity (lack of counsel on appeal) his conviction is not yet final in view of his out of time appeal?

For the reasons stated, I must respectfully dissent. I would reverse this cause and remand the appellant to the custody of the Sheriff of Bexar County to answer the robbery indictment in the 175th District Court. See Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66; Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64.

MORRISON, J., agrees that Mempa v. Rhay, supra, should be held to have retroactive application and to that extent concurs in this dissent.

OPINION

ON APPELLANT'S MOTION FOR RE-HEARING

ONION, Judge.

■ Since the time of our opinions on original submission, the United States Supreme Court in McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, has held that their decision in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, is to be given retroactive application.

The majority opinion on original submission affirming this cause was bottomed on the fact that the United States Supreme Court had not, at the time, held Mempa v. Rhay, supra, to be retroactive. It now has done so and the appellant is entitled to a reversal of his conviction.

■ The appellant is remanded to the custody of the Sheriff of Bexar County to answer the indictment in Cause No. 53,953 pending in the 175th District Court.

The order affirming the conviction is set aside, the appellant's motion for re-hearing is granted, the judgment is reversed and the cause remanded.

6. It should be borne in mind that since January 1, 1966, an indigent probationer is entitled to counsel at a revocation hearing (Art. 42.12, Sec. 3b, supra), but this does not affect his constitutional right to such counsel if the same is to be applied retroactively.