# PD-1284-15

PD-1284-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/28/2015 1:50:07 PM
Accepted 9/30/2015 1:44:43 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN, TEXAS

FARRELL DANE WEST,
    APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-15-00070-
CR; TRIAL COURT NO. 9248-D)

STATE OF TEXAS,
    APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHIEF JUSTICE JIM R. WRIGHT, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

FARRELL DANE WEST,
     APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-15-00070-
CR; TRIAL COURT NO. 9248-D)

STATE OF TEXAS,
     APPELLEE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Hon. Thomas M. Wheeler
350ʰ District Court
Taylor County Courthouse
Abilene, TX 79602

Stan Brown
Appellant's Attorney/ Appeal
P.O. Box 3122
Abilene, TX 79604

James Eidson
District Attorney
Taylor County Courthouse
Abilene, TX 79602

Larry D. Robertson
Appellant's Attorney/Trial
P.O. Box 889
Abilene, TX 79604

Mr. Britt Lindsey
Appellate Section
Taylor County Courthouse
Abilene, TX 79602

Farrell Dane West, Appellant
4189 Oldham Lane
Abilene, TX 79602

# TABLE OF CONTENTS

**SUBJECT**                                                                    **PAGE**

IDENTITY OF JUDGE, PARTIES, AND COUNSEL...........................ii

STATEMENT REGARDING ORAL ARGUMENT...........................v

STATEMENT OF THE CASE........................................................1

STATEMENT OF PROCEDURAL HISTORY.............................................2

## QUESTION PRESENTED FOR REVIEW

Has the time come to formally and straightforwardly abandon the unjust concept Due Process of Law does not mandate proof beyond a reasonable doubt rather than preponderance of the evidence regarding any alleged violation of a condition of community supervision? (I R.R. at 23-106)(C.R. at 68)......................................................................................3

ARGUMENT...........................................................................................3

PRAYER FOR RELIEF..............................................................................10

CERTIFICATE OF SERVICE....................................................................10

CERTIFICATE OF COMPLIANCE..............................................................11

iii

# INDEX OF AUTHORITIES

**CASES**                                                   **PAGE**

*Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970)..................3, 6

*Collier v. Poe*, 732 S.W.2d 332 (Tex. Crim. App. 1987).....................3, 4

*Dansby v. State*, 398 S.W.3d 233 (Tex. Crim. App. 2012)....................6-7

*Ex Parte Carmona*, 185 S.W.3d 492 (Tex. Crim. App. 2006)..............7-8

*Ex Parte Doan*, 369 S.W.3d 205 (Tex. Crim. App. 2012)...................5, 7

*Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)..................................................................3, 4

*Grady v. North Carolina*, 575 U.S. ___, 133 S.Ct. 1368, 83USLW 3758 At Slip Op. 4 (March 30, 2015).......................................................3, 9

*In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)............3, 4

*In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, 375 (1970)....................................................................3, 4, 5

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)...5

*Kelly v. State*, 483 S.W.2d 467 (Tex. Crim. App. 1972).................5-6, 8-9

*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)....................................................................3, 4

**CONSTITUTIONAL PROVISIONS & RULES**            **PAGE**

U.S. CONST. amend. XIV...........................................................*passim*

Tex. R. App. P. 9.4..................................................................11

Tex. R. App. P. 66.3(c)..............................................................3

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the QUESTION PRESENTED; whether Due Process of Law applies to probation revocation proceedings concerning standard of proof is an issue that merits further clarification for the bench and bar. Therefore, the usual give and take of oral argument would be useful for the Court in determining whether allegations should be proved beyond a reasonable doubt in probation revocation proceedings. Oral argument is essential in order to aid this Court's decisional processes by providing a more in-depth exploration of this issue.

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

FARRELL DANE WEST,
    APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-15-00070-
CR; TRIAL COURT NO. 9248-D)

STATE OF TEXAS,
    APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF THE CASE

On February 18, 2010, Appellant was sentenced to seven years TDCJ-ID, probated for seven years, with a fine of $1,000.00 for the second degree felony offense of possession of heroin with intent to deliver in a drug free zone. (C.R. at 21). On December 31, 2014, the State filed it's Motion to Revoke Community Supervision. (C.R. at 70). On March 26, 2015, pursuant to Appellant's plea of True, the trial court revoked the community supervision and sentenced Appellant to seven years TDCJ-ID. (C.R. at 94)(II R.R. at 5). Notice of Appeal was timely filed. (C.R. at 91). The Trial Court's Certification of Defendant's Right of Appeal was filed March 31, 2015. (C.R. at 87). Appellant seeks review of the decision of the Court of Appeals that affirmed the conviction.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented one issue in his brief, and the Eastland Court of Appeals affirmed, *West v. State*, 2015 WL 5192375 (Tex. App.-Eastland September 3, 2015)(Unpublished memorandum opinion)(Appendix). This petition is due to be filed by October 5, 2015; it is therefore timely filed.

## QUESTION PRESENTED FOR REVIEW

Has the time come to formally and straightforwardly abandon the unjust concept Due Process of Law does not mandate proof beyond a reasonable doubt rather than preponderance of the evidence regarding any alleged violation of a condition of community supervision? (C.R. at 25, 31)(III R.R. at 4-5).

## ARGUMENT

Due Process of Law demands the recognition by this Court, as the State must prove what it alleges beyond a reasonable doubt in order to lawfully obtain a conviction in a criminal prosecution, it must also so prove what it alleges in a probation revocation proceeding. That is the essence of the fundamental case law governing our basic constitutional protections. *See generally*, *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, 375 (1970); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and *Grady v. North Carolina*, 575 U.S. ___, 133 S.Ct. 1368, 83USLW 3758 At Slip Op. 4 (March 30, 2015)(Unanimous per curiam opinion). *See also*, *Collier v. Poe*, 732 S.W.2d 332 (Tex. Crim. App. 1987) and *Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970).

At pages one and two of the Slip Opinion below, the Court of Appeals wrote, "The Court of Criminal Appeals has considered whether a defendant is 'entitled to have the question of his revocation decided beyond a reasonable doubt' and has determined that 'the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to

3

support the initial conviction.'" (Citation omitted). By that statement, the court below decided an important question of state and federal law that conflicts with the foregoing applicable decisions of this Court and the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

The Opinion below of September 3, 2015, we respectfully submit, utterly failed to consider those fundamental and relevant decisions of the Supreme Court of the United States and this Court: *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, 375 (1970); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

*Collier v. Poe, supra*, 732 S.W.2d at 343-344, moreover, held Due Process rights belong to the individual, not the State. It is evident the requirement there can be no criminal conviction but by sufficient evidence necessary to convince a trier of fact beyond a reasonable doubt of every element of the offense, and the trier of fact must rationally apply that standard to the evidence presented, is mandated by Due Process of Law. *Campbell v. State, supra*, 456 S.W.2d at 921-922 held Due Process and Due Course of Law apply to probation revocation proceedings. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary to constitute the crime with which he is charged." In Re Winship*, 397 U.S. 58, 90 S.Ct. 1068, 25 LEd2d 368, 375 (1970). (Emphasis supplied).

4

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) teaches that *Winship*:

> requires more than simply a trial ritual...[S]o fundamental a substantive constitutional standard must also require that the factfinder will rationally apply that standard to the facts in evidence...After Winship the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. Id. at 572-573 (footnotes and citations omitted). [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. 61 L.Ed.2d at 574.

Due Process of Law demands a re-examination of the Texas fiction that a revocation of community supervision is a civil or administrative proceeding, and thus not entitled to the protections of Due Process. *See*, *Ex Parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012):

> A Texas community-supervision revocation proceeding involves the application of law to past facts that remain static. It is conducted according to judicial rules before a trial judge, not an administrative agency. Applying administrative law—the law that governs the decision-making processes of administrative agencies—to revocation hearings has no basis in the Code of Criminal Procedure. Community-supervision revocation proceedings are not administrative hearings; they are judicial proceedings, to be governed by the rules established to govern judicial proceedings.

Against that backdrop, this Court's opinion in *Kelly v. State*, 483 S.W.2d 467, 469-470 (Tex. Crim. App. 1972) which held the preponderance of the evidence standard of proof was not constitutionally prohibited in probation revocation proceedings, should be revisited. Presiding Judge

Onion's dissent in *Kelly*, relying in large part on *Campbell v. State*, *supra*, merits an in-depth examination:

> The necessity of the application of due process and equal protection to revocation proceedings was recognized by this court in Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970), where it was also stated:
>
>> 'It would indeed now be difficult to conclude that probation revocation hearings are not criminal proceedings 'where substantial rights of an accused may be affected.' Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. The revocation proceedings cannot be isolated from the context of the criminal process. See Crawford v. State, Tex.Cr.App., 435 S.W.2d 148.' 456 S.W.2d at 921−922.
>
>> See also McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).
>
> And only recently in Fariss v. Tipps, 463 S.W.2d 176 (Tex.1971), which involved an application for writ of mandamus, the Texas Supreme Court held that a proceeding to revoke probation is a 'criminal prosecution' within the state constitution and a probationer was entitled to a speedy trial and further that the speedy trial provision of the Sixth Amendment of the United States Constitution was a due process requirement applicable to state revocation proceedings through the Fourteenth Amendment. See Article 24, Vernon's Ann.P.C.
>
> Certainly it has been recognized that a revocation proceeding is a critical stage of the criminal process where counsel must be appointed if the probationer is indigent, without counsel and has not been warned of the same. *Kelly v. State*, *supra*, 483 S.W.2d at 474.

*See*, *Dansby v. State*, 398 S.W.3d 233, 240 (Tex. Crim. App. 2012):

6

It bears emphasis "that a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminate the threat of incrimination." But the appellant in this case was offered no such use immunity. The State cannot reasonably have believed that it could penalize him for invoking his Fifth Amendment privilege by revoking his conditional liberty *solely* on the basis of his refusal to answer questions that would tend to incriminate him during the course of the sexual history polygraph process—or, for that matter, during required sex offender group therapy sessions. (Footnotes and citations omitted).

Presiding Judge Onion was ahead of his time in recognizing a probation revocation proceeding is not administrative. That legal fiction was put to rest by *Ex Parte Doan*, 369 S.W.3d 305, 308 (Tex. Crim. App. 2012), "our characterization of a judicial proceeding as an administrative proceeding is, on its face inaccurate...we have used the 'administrative' label to imply that we would not strictly enforce procedural rules at revocation hearings, which was an injudicious and inaccurate implication." *See also*, *Ex Parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006):

To meet the requirements of due process, the final revocation of probation must be preceded by a hearing, where the probationer is entitled to written notice of the claimed violations of his probation, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, a neutral hearing body, and a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. As we said in *Ex parte Hale*, "the Constitution of our country has been interpreted to protect persons who are released [on community supervision], from reincarceration without due process of law."[FN10]

FN10. 117 S.W.3d 866, 871 (Tex.Crim.App.2003) (*citing Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ( probation revocation)).

Accordingly, due process requires that reincarceration occur only after the disclosure of evidence against the defendant. Within this right to disclosure of evidence afforded by due process, we can infer the requirement that revocation may not occur when it is based solely on perjured testimony. Because habeas review is appropriate for denials of fundamental or constitutional rights, the applicant's claim that his community supervision was revoked solely on perjured evidence, and therefore without due process of law, is cognizable under the habeas jurisdiction of this court. (Some footnotes omitted).

Presiding Judge Onion concluded his *Kelly* dissent as follows:

The appellant urges that the holding in Winship compels the application of the reasonable-doubt standard to revocation of probation cases. It, at least, logically follows. To hold that adult probations are to be denied due process under the correctional rhetoric of In-loco parentis or for other reasons while juveniles are receiving due process would be, in my opinion, an arbitrary distinction and would raise serious equal protection issues as well as due process considerations.[FN7]

FN7. In Winship, the Supreme Court said: 'The same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child.' 397 U.S. at 365, 90 S.Ct. at 1073...

When all the legal niceties are laid aside, a proceeding to revoke probation involves the right of an individual to continue at liberty or to be imprisoned. It involves the possibility of a deprivation of liberty just as much as original criminal action or juvenile delinquency proceeding. The factfinding process is just

as adverse as in other proceedings where the accused is afforded due process rights including the reasonable-doubt standard…

I would hold that the constitutional safeguard of proof beyond a reasonable doubt as a matter of due process and fundamental fairness is required in Texas revocation of probation proceedings along with the right to counsel, speedy trial, etc. (Some footnotes omitted). *Id.* at 476-477.

*See also*, *Grady v. North Carolina*, 575 U.S. \_\_\_\_, 133 S.Ct. 1368, 83USLW 3758 At Slip Op. 4 (March 30, 2015)(Citations omitted).[1] That Opinion vividly illustrates the overriding importance of our basic constitutional protections, whatever the label applied to the proceeding in question. This Court should therefore, we respectfully suggest, grant review in order to give this fundamental issue of standard of proof in community supervision revocation cases the exhaustive review it deserves.

---

[1] "In its brief in opposition to certiorari, the State faults Grady for failing to introduce 'evidence about the State's implementation of the SBM program or what information, if any, it currently obtains through the monitoring process.' Brief in Opposition 11. Without evidence that it is acting to obtain information, the State argues, 'there is no basis upon which this Court can determine whether North Carolina conducts a 'search' of an offender enrolled in its SBM program.' *Ibid.* (citing *Jones*, 565 U.S., at ——, n. 5, 132 S.Ct., at 951, n. 5 (noting that a government intrusion is not a search unless 'done to obtain information')). In other words, the State argues that we cannot be sure its program for satellite-based *monitoring* of sex offenders collects any information. If the very name of the program does not suffice to rebut this contention, the text of the statute surely does:
'The satellite-based monitoring program shall use a system that provides all of the following:
'(1) Time-correlated and continuous tracking of the geographic location of the subject....
'(2) Reporting of subject's violations of prescriptive and proscriptive schedule or location requirements." N.C. Gen.Stat. Ann. § 14–208.40(c).'
The State's program is plainly designed to obtain information. And since it does so by physically intruding on a subject's body, it effects a Fourth Amendment search."

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and oral argument and, after full briefing on the merits, issue an opinion reversing this conviction/revocation of community supervision, and remand this cause to the trial court for a new hearing under constitutionally appropriate standards as this Court shall determine are mandated by Due Process of Law.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this ____28th____ day of September, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was emailed to Britt Lindsey, Appellate Section, Taylor County District Attorney's Office, Taylor County Courthouse, Abilene, Texas lindseyb@taylorcountytexas.org; James Eidson, District Attorney, Taylor County Courthouse, Abilene, Texas eidsonj@taylorcountyteas.org; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN

10

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is ___2145___ words; and further certify that the brief is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown
STAN BROWN

11

# APPENDIX



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00070-CR

_____

## FARRELL DANE WEST, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 350th District Court

Taylor County, Texas

Trial Court Cause No. 9248-D

## MEMORANDUM OPINION

Appellant, Farrell Dane West, appeals the trial court's judgment revoking his community supervision for a conviction of possession of a controlled substance with the intent to deliver in a drug-free zone. In one issue on appeal, Appellant argues that due process of law requires that proof of a violation of any condition of

community supervision should be beyond a reasonable doubt rather than by a preponderance of the evidence. We affirm.

## Background Facts

The grand jury indicted Appellant on one count of possession of a controlled substance with the intent to deliver in a drug-free zone. Appellant pleaded guilty, and under the terms of the plea agreement, the trial court convicted Appellant, assessed punishment, placed Appellant on community supervision for a term of seven years, and assessed a $1,000 fine. Subsequently, the State filed a motion to revoke Appellant's community supervision and alleged that Appellant violated multiple conditions of his community supervision. Appellant pleaded true to twenty-five violations. The trial court revoked Appellant's community supervision and assessed Appellant's punishment at confinement for a term of seven years and a fine of $1,000.

Appellant argues on appeal, "That a person can be sentenced to seven years in the penitentiary for such matters, *proved only by a preponderance of the evidence*, should shock the conscience." The State contends that Appellant has waived this argument when he failed to present it to the trial court.

## Analysis

The Court of Criminal Appeals has considered whether a defendant is "entitled to have the question of his revocation decided beyond a reasonable doubt" and has determined that "the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to support the initial conviction." *Kelly v. State*, 483 S.W.2d 467, 469–70 (Tex. Crim. App. 1972); *Jones v. State*, No. 11-13-00075-CR, 2015 WL 1471963, at *1 (Tex. App.—Eastland Mar. 26, 2015, pet. ref'd). The State must prove a violation by a preponderance of the evidence, and proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);

*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Jones*, 2015 WL 1471963, at *1. Because the Court of Criminal Appeals has held otherwise, we decline to hold that a violation of community supervision must be proven beyond a reasonable doubt. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

September 3, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Farrell Dane West,

Vs. No. 11-15-00070-CR

The State of Texas,

* From the 350th District Court
of Taylor County,
Trial Court No. 9248-D.

* September 3, 2015

* Memorandum Opinion by Bailey, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.